■ KATHLEEN COYNE, Appellant, v ROBERT A. BERSANI, Respondent. — Order affirmed, without costs. Memorandum: Plaintiff's medical malpractice action against defendant was dismissed because it was not commenced within the applicable Statute of Limitations. She contends that treatment by subsequent physicians should be imputed to her initial treating physician to toll the

statute. However, imputing the latter physician's treatment to the defendant under these facts, would constitute an unwarranted extension of the doctrine of continuous treatment (see *Florio v Cook*, 65 AD2d 548, affd 48 NY2d 792; *Fonda v Paulsen*, 46 AD2d 540). It is clear from the record that defendant's relationship with plaintiff terminated in October, 1978 when he last examined her. His only subsequent participation in her care consisted of supplying subsequent physicians with a medical history in the form of a description of his treatment. Defendant had no ongoing relationship with plaintiff and was not acting as the agent of or in association with the subsequent physicians (see *McDermott v Torre*, 56 NY2d 399, 408). Since defendant's treatment of plaintiff had terminated, the policy rationale underlying the continuous treatment doctrine of maintaining the physician-patient relationship to provide the most efficacious medical care will not be served by the application of the doctrine (see *McDermott v Torre*, 56 NY2d 399, 408, *supra; Barrella v Richmond Mem. Hosp.*, 88 AD2d 379, 383). Furthermore, unlike the misdiagnosis of a biopsy report, defendant's report of his treatment did not preclude proper subsequent treatment by other physicians since the record indicates that radiation was suspected by these physicians (*cf. Fonda v Paulsen*, 46 AD2d 540, *supra; McDermott v Torre*, 56 NY2d 399, *supra*). Additionally, as a policy consideration, the practice of forwarding a patient's medical file to another physician at the request of the patient should not be deterred by the possibility that such action may render the subsequent physician's treatment imputable to the primary physician. All concur, except Callahan and Doerr, JJ., who dissent and vote to reverse the order and deny the motion, in the following memorandum.

Callahan and Doerr, JJ. (dissenting). We disagree. In *McDermott v Torre* (56 NY2d 399) the Court of Appeals held that under some circumstances the continuing treatment of one medical professional may be imputed to another professional. The key inquiry is the nature of the defendant's relationship to the patient. In holding that the doctrine may not be imputed to an independent laboratory, the court observed (p 408) that the laboratory had no relationship with the patient nor did it act "in relevant association" with the physician. Moreover, the laboratory does not have the opportunity to discover its mistake. These considerations do not apply to the facts at hand. Here, the doctor to whom the doctrine is sought to be applied did have an ongoing relationship with plaintiff and her other doctors, since the latter communicated with defendant concerning plaintiff's case. Moreover, these communications touched on the very act claimed to be negligent, to wit, excessive radiation treatment. The policy underlying the continuous treatment doctrine is the recognition that the original treating physician is in the best position to identify and correct his malpractice. Here defendant was given precisely that opportunity by the subsequent physicians who contacted defendant. Thus, it is appropriate to impute the subsequent treatment of plaintiff's other doctors to defendant. (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — dismiss action.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.