■ JOHN PONTIERI, Appellant, v NEW YORK UNIVERSITY MEDICAL CENTER et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated June 16, 1987, which, *inter alia,* granted the motion by the defendants New York University Medical Center and Stephen Toder, M.D., for summary judgment dismissing the complaint as against them.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the plaintiff failed to meet his burden of establishing or raising a triable issue of fact regarding his claim that either the continuous treatment exception to the Statute of Limitations, codified in CPLR 214-a, tolled the accrual of his causes of action against the defendants New York University Medical Center and Stephen Toder, M.D. *(see, McDermott v Torre,* 56 NY2d 399; *Coyne v Bersani,* 94 AD2d 961, *affd* 61 NY2d 939; *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379), or that his service of the summons on the Queens County Clerk extended his time to serve process on the above-named defendants, pursuant to CPLR 203 (b) (5) *(see, Bellmund v Beth Israel Hosp.,* 131 AD2d 796).

Accordingly, since the plaintiff's claims against these defendants were time barred, dismissal of the complaint as against them was warranted.

We have considered the plaintiff's other contentions and find them to be without merit. Mangano, J. P., Lawrence, Rubin and Kooper, JJ., concur.