■ CLIFFORD DAVIS, Respondent, v JOHN J. TREY, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, the defendant John J. Trey appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated July 13, 1990, which denied his motion to dismiss the complaint insofar as it is asserted against him for lack of subject matter jurisdiction.

Ordered that the order is affirmed, with costs.

The Supreme Court clearly has subject matter jurisdiction over a personal injury action arising from a motor-vehicle accident in New York. Further, it can obtain *personal* jurisdiction over a nonresident and nondomiciliary, who allegedly causes such an accident, pursuant to both CPLR 302 (a) (2) and Vehicle and Traffic Law § 253 *(see,* Siegel, NY Prac § 97 [2d ed 1991]).

The order denying the appellant's motion to dismiss the complaint against him pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction must be affirmed, irrespective of whether the plaintiff complied with the requirements of Vehicle and Traffic Law § 253 (2) regarding service of process upon him. Proper service under this section subjects the appellant to the personal jurisdiction of the court *(see, e.g., Lederman v*

*McLean Trucking Co.,* 41 AD2d 5). Neither the plaintiff nor the appellant addressed the issue of personal jurisdiction before the Supreme Court, Kings County, or before this Court, notwithstanding that all their arguments concerned whether the appellant had been properly served with process pursuant to Vehicle and Traffic Law § 253 (2). The parties were free to chart their own procedural course and fashion the basis upon which this particular controversy was to be resolved *(see, Cullen v Naples,* 31 NY2d 818, 820). Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.