(August 23, 1993)

■ LEON ALLEN et al., Appellants, v DWIGHT C. BLUM, Respondent, et al., Defendants. [601 NYS2d 350] —In an action to recover damages for medical malpractice, the plaintiffs appeal, as limited by their notices of appeal and brief, from (1) so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered October 31, 1990, as granted the cross motion of the defendant Dwight C. Blum to dismiss the complaint insofar as it is asserted against him and denied the plaintiffs' cross motion to amend their pleadings, (2) so much of an order of the same court (Henry, J.), entered March 5, 1991, as upon reargument, adhered to the original determination dismissing the complaint insofar as it is asserted against the defendant Blum, and denying the plaintiffs' cross motion to amend their pleadings, and (3) so much of an order of the same court (Henry, J.), dated June 14, 1991, as, upon renewal, adhered to the original determinations dismissing the complaint insofar as it is asserted against the defendant Blum.

Ordered that the appeal from the order entered October 31, 1990, is dismissed, as that order was superseded by the order entered March 5, 1991, made upon reargument; and it is further,

Ordered that the appeal from so much of the order entered March 5, 1991, as adhered to the original determination in the order entered October 31, 1990, granting the defendant Blum's cross motion, is dismissed, as that portion of the order was superseded by the order dated June 14, 1991, made upon renewal, and the order entered March 5, 1991, is otherwise affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 14, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff Leon Allen was under the treatment of the defendant Dr. Dwight C. Blum until July 29, 1987. On January 4, 1990, a summons was served on "Janine Doe", who was described by the plaintiffs' process server as the "managing agent" of a "professional corporation" to which Dr. Blum presumably had some connection. Although service was never properly made on Dr. Blum as an individual, he answered the complaint without raising a jurisdictional objection and thus waived any objection to lack of personal jurisdiction (see, CPLR 3211 [a] [8]; [e]; *Naccarato v Kot,* 124 AD2d 365). Dr. Blum's answer was served on or about January 31, 1990.

The Supreme Court held that the plaintiffs' claim against Dr. Blum was not interposed until January 31, 1990, after the Statute of Limitations had run (see, CPLR 214-a). The court held that the plaintiffs' claim was interposed only when Dr. Blum appeared (see, CPLR 320 [b]), rather than when the plaintiffs' process server purportedly served the summons on Dr. Blum. On appeal, this aspect of the Supreme Court's holding is not challenged. Because all of the parties accept the proposition that the plaintiffs' claim was first interposed on January 31, 1990, we do not pass on this issue (see, e.g., Davis v Trey, 187 AD2d 409).

The plaintiffs' primary argument on appeal is that the action was nevertheless timely commenced because the running of the Statute of Limitations had been tolled pursuant to the continuous treatment doctrine until August 5, 1987, when Allen called Dr. Blum to cancel an appointment. We disagree. In order for the continuous treatment doctrine to apply, there must exist a relationship of continuing trust and confidence between the patient and the physician (see, Richardson v Orentreich, 64 NY2d 896). That Allen telephoned Dr. Blum's office on August 5, 1987, to cancel his appointment, does not establish that the last day of treatment was the day the appointment was canceled. Rather, it is clear that the relationship of continuing trust and confidence between Allen and Dr. Blum terminated, at the latest, by July 30, 1987, when Allen commenced treatment and became the patient of a new physician, after a disagreement with Dr. Blum.

We have examined the respondent's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.