■ THERESA GUARINO, Respondent, v LEONARD A. SHARZER, Appellant. [721 NYS2d 631] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 27, 1999, which, to the extent appealed from, denied so much of defendant's motion for summary judgment as sought dismissal of plaintiff's medical malpractice claims related to surgery performed on plaintiff's breasts, unanimously affirmed, without costs.

Defendant has failed to demonstrate that no issue of material fact exists as to whether plaintiff had terminated the relationship of trust and confidence prior to her last visit with him

on January 20, 1994 and, accordingly, has failed to demonstrate the inapplicability of the continuous treatment doctrine with respect to the medical malpractice claims at issue on this appeal (*see*, CPLR 214-a; *Allen v Blum*, 196 AD2d 624, 625 [*lv dismissed in part and denied in part* 82 NY2d 885], citing *Richardson v Orentreich*, 64 NY2d 896). Thus, defendant has failed to carry his burden of demonstrating his entitlement to summary judgment (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562; *Finkelstein v Cornell Univ. Med. Coll.*, 269 AD2d 114, 117), with regard to his Statute of Limitations defense. Defendant's assertion that plaintiff consulted medical malpractice attorneys prior to this last visit is unsupported by the record. In any event, unlike a patient who chooses to go to another doctor for treatment of the original condition or complaint (*see e.g.*, *Allen v Blum, supra*; *Richardson v Orentreich, supra*; *Alvarez v New York City Health & Hosps. Corp.*, 257 AD2d 516; *Coyne v Bersani*, 94 AD2d 961, *affd* 61 NY2d 939), consultation with an attorney to explore one's options does not, of itself, defeat a showing of treatment (*cf.*, *Schloss v Albany Med. Ctr.*, 278 AD2d 614).

Issues of fact also exist with regard to the purpose of this last visit. Defendant himself testified that the lump on plaintiff's breast, which defendant asserts was the sole purpose of plaintiff's last visit, was most likely due to scar tissue. Defendant has not demonstrated as a matter of law that this scar tissue was not directly related to his prior treatment of plaintiff. Additionally, plaintiff testified that she discussed her dissatisfaction with her treatment, and that she and defendant had discussed the previously anticipated nipple areola complex replacement at this last visit, all of which related directly to the medical treatment for which plaintiff has brought the instant action. Thus, defendant has failed to demonstrate that this last visit was unrelated to the prior continuous treatment of plaintiff. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Buckley, JJ.