OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
Plaintiff first came under defendant’s medical care in January 1973 and received periodic treatments through October 8, 1974, the date of her last visit to his office. At that time, plaintiff was given an appointment for December 4, 1974, which, however, she failed to keep. The appointment was never rescheduled and defendant did not have any further contact with plaintiff.
This action was commenced on November 30, 1977. Plaintiff sought to recover for personal injuries suffered as a result of medical care and treatment administered by defendant during *898 the period from August 1973 through December 1974. Defendant moved for summary judgment on the ground that the action was barred by the three-year Statute of Limitations contained in CPLR 214.* In support of the motion, defendant asserted that he “last rendered any medical care, treatment, or diagnosis to this plaintiff on October 8,1974”, and that plaintiff “was given an appointment for December 4, 1974” which she “failed to keep”. During deposition, defendant stated that the October 8 appointment was the last time he saw plaintiff and that he never spoke with her thereafter. Consequently, defendant argued that the Statute of Limitations commenced to run on October 8, 1974 and had expired by the time this action was commenced on November 30,1977, more than three years later.
In opposition to the motion, plaintiff contended that she remained under the continuous care and treatment of defendant after the October 8 visit when she was told to return on December 4, and that she canceled the latter appointment because she was bedridden with illness.
Special Term denied summary judgment on the ground that the papers did not resolve the issue whether defendant’s treatment of plaintiff in fact terminated on plaintiff’s last visit. The Appellate Division unanimously affirmed, holding that factual questions were presented whether defendant’s medical services constituted a continuous course of treatment and whether plaintiff had decided to terminate the physician-patient relationship prior to the canceled appointment. We now hold that defendant’s motion for summary judgment was properly denied but that defendant has raised no factual questions whose resolution would sustain the Statute of Limitations defense and which require a trial on this issue.
Under CPLR 214, the three-year Statute of Limitations for medical malpractice does not commence to run until the continuous course of care or treatment has terminated. (Borgia v City of New York, 12 NY2d 151, 155.) The “continuing trust and confidence” which underlies the “continuous treatment doctrine” (Coyne v Bersani, 61 NY2d 939, 940) does not necessarily come to an end upon a patient’s last personal visit with his or her physician (see, McDermott v Torre, 56 NY2d 399,406), when further treatment is explicitly anticipated by both physician and patient as manifested in the form of a regularly scheduled *899 appointment for the near future, agreed upon during that last visit, in conformance with the periodic appointments which characterized the treatment in the immediate past. (Compare, Davis v City of New York, 38 NY2d 257.) Thus, a patient remains under the “continuous treatment or care” of a physician between the time of the last visit and the next scheduled one where the latter’s purpose is to administer ongoing corrective efforts for the same or a related condition. Regardless of the absence of physical or personal contact between them in the interim, where the physician and patient reasonably intend the patient’s uninterrupted reliance upon the physician’s observation, directions, concern, and responsibility for overseeing the patient’s progress, the requirement for continuous care and treatment for the purpose of the Statute of Limitations is certainly satisfied. “It would be absurd to require a wronged patient to interrupt corrective efforts” by deeming treatment to be considered terminated in between scheduled appointments. (Borgia v City of New York, supra, at p 156.)
Here, it cannot be said that defendant’s treatment and care of plaintiff terminated on October 8,1974 merely because that was the date of plaintiff’s last visit. On this motion for summary judgment, defendant does not raise any factual issues as to any action or conduct of either party between the last appointment and the canceled one which might have ended defendant’s course of care for plaintiff. Defendant merely argues that his treatment of plaintiff necessarily came to an end with the October 8,1974 appointment because it was the last time he saw her. In light of the parties having scheduled a future appointment for further treatment on December 4, 1974, and their undisputed intention at the time that defendant’s care of plaintiff continue at least until that date, defendant’s argument that the continuous course of treatment ended on October 8, 1974 must fail, and the denial of his motion for summary judgment must be affirmed.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Kaye concur in memorandum; Judge Alexander taking no part.
Order affirmed, etc.

 The special two and one-half year Statute of Limitations contained in CPLR 214-a is applicable only to medical malpractice occurring on or after its effective date of July 1, 1975 (L 1975, ch 109, § 37) and, therefore, does not govern this case.