■ DONNA L. WARD, Appellant, v STEWART A. KAUFMAN, Respondent.—Order unanimously reversed, on the law, with costs, defendant's motion denied, plaintiff's motions to amend complaint and to file late proof of service granted, in accordance with the following memorandum: On February 2, 1982, while some considerable distance from her home in Geneva, New York, plaintiff sustained various injuries, including a fractured left leg, as a result of an automobile accident. After her admission to a hospital in Catskill, New York, she was subsequently examined and treated by defendant who, on February 9, 1982, applied a left tibial cast brace to plaintiff's leg. It is defendant's claim that this is the last time he saw or treated plaintiff as a patient, although hospital notes indicate defendant visited plaintiff at the hospital as late as February 11, 1982. Plaintiff was discharged from the hospital on February 21, 1982 while still wearing the cast.

On February 23, 1982, defendant telephoned plaintiff at her home and told her it was necessary that she return to see him for an X ray "to verify the position of her fracture and wedge the cast if necessary". While indicating that she would call back and make an appointment, plaintiff instead consulted a physician closer to her home.

Plaintiff commenced the action by substituted service with mailing being completed on August 17, 1984 (CPLR 308 [2]). Defendant moved for summary judgment on the grounds that plaintiff's action was time barred, not having been commenced within 2½ years from the last date of treatment alleged in the complaint. Plaintiff cross-moved to amend her complaint so as to allege a continuous course of treatment, relying upon defendant's telephone call of February 23, 1982 for a further appointment. Special Term granted defendant's motion and dismissed the complaint and denied plaintiff's cross motion. We reverse.

In medical malpractice actions, the Statute of Limitations is tolled until the continuous course of care or treatment has terminated (CPLR 214-a), and termination will not occur until such time as the physician considers the patient's treatment to be completed and does not request the patient to return for further examination (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 214-a.03, at 2-321). A determination as to whether there is continuous treatment should be based upon whether there exists a relationship of continuing trust and confidence between the patient and the physician *(Coyne v Bersani,* 61 NY2d 939, 940). This relationship can depend on several factors, including the nature of the problem for which the patient is being treated, the treatment in the past and the need for further administration of care. "[A] patient remains under the 'continuous treatment or care' of a physician between the time of the last visit and the next scheduled one where the latter's purpose is to administer ongoing corrective efforts for the same or a related condition. Regardless of the absence of physical or personal contact between them in the interim, where the physician and patient reasonably intend the patient's uninterrupted reliance upon the physician's observation, directions, concern, and responsibility for overseeing the patient's progress, the requirement for continuous care and treatment for the purpose of the Statute of Limitations is certainly satisfied" *(Richardson v Orentreich,* 64 NY2d 896, 899).

In the instant case, although plaintiff did not have a firm appointment with defendant for future treatment when she left the hospital, his telephone call to her on February 23 to arrange a further appointment, and plaintiff's agreement to call back to make such an appointment, indicated that a continuous relationship of trust and confidence existed. There is no question that the purpose of the contemplated treatment, X rays and possible adjustment of plaintiff's cast, sug-

gested by defendant, was an ongoing corrective effort for the same condition for which defendant treated plaintiff in the hospital. Indeed, it is difficult to imagine that when a physician applies a protective cast to a member of a patient's body he does not concomitantly anticipate further observation of his effort and possible treatment of that patient, even if only to remove the cast. It appears clear that plaintiff's failure to make a further appointment with defendant was for reasons of geographical convenience and not because of a lack of trust or confidence in defendant, and the termination of the relationship occurred after the February 23rd telephone call. Therefore, plaintiff's commencement of her action on August 17, 1984 was timely and her cross motion to amend the complaint to allege a continuous course of treatment is granted.

Under the circumstances, an order should be entered, nunc pro tunc, permitting the late filing of affidavits of service in the Ontario County Clerk's office. The failure to file a timely affidavit of service is not a jurisdictional defect, but merely a procedural irregularity which can be cured by an order nunc pro tunc (Lancaster v Kindor, 98 AD2d 300, 306, affd 65 NY2d 804), and has nothing to do with the Statute of Limitations (see, Siegel, NY Prac § 79, at 87). (Appeal from order of Supreme Court, Ontario County, White, J.—summary judgment.) Present—Dillon, P. J., Doerr, Denman, Green and Schnepp, JJ.