(June 29, 1987)

LYNNE BELLMUND et al., Appellants, v BETH ISRAEL HOSPITAL et al., Defendants, and MARC COHEN, Respondent.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated April 3, 1986, as upon reargument, adhered to its original determination insofar as it denied that branch of their motion which was to vacate that portion of a default judgment of the same court (Leviss, J.), dated June 4, 1984, as dismissed the complaint insofar as it is asserted against Marc Cohen.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon reargument, the Supreme Court did not abuse its discretion in adhering to its original determination denying that branch of the plaintiff's motion, which was to vacate that portion of a default judgment dismissing the complaint insofar

as it is asserted against Marc Cohen. Although the plaintiffs have provided an arguably reasonable excuse for their default, they have failed to present a meritorious response to Dr. Cohen's claim that the action as against him is time barred under the applicable Statute of Limitations. The record establishes that the last visit with the respondent was on March 5, 1981. Thus, the Statute of Limitations of two years and six months expired on September 5, 1983 (see, CPLR 214-a). Since Dr. Cohen was not served with a summons until September 15, 1983, the plaintiffs' action was not timely commenced against him.

The plaintiffs' attempt to take advantage of the 60-day tolling provision under CPLR 203 (b) (5) by filing a summons with the Clerk of Queens County on August 31, 1983 was unsuccessful. The plaintiffs' summons lists Dr. Cohen's address as being in New York County. Since CPLR 203 (b) (5) requires, inter alia, that the summons be filed in the county in which the defendant "resides, is employed or is doing business", the plaintiffs' failure to file the summons in New York County prevented the statutory 60-day tolling provision from taking effect.

Finally, we find the plaintiffs' argument that the Statute of Limitations did not begin to run until June 5, 1981, three months after James Bellmund's last visit with Dr. Cohen, to be without merit. In support of this contention, the plaintiffs highlight the fact that Dr. Cohen's medical record indicates that on March 5, 1981, James Bellmund was told to return to Dr. Cohen for a follow-up visit in three months. No such appointment was ever scheduled and Dr. Cohen had no further contact with James Bellmund. Based on these facts, we reject the plaintiffs' contention that Dr. Cohen's course of treatment continued through June 5, 1981, rather than March 5, 1981. The case relied upon by the plaintiffs, namely, *Richardson v Orentreich* (64 NY2d 896), is factually distinguishable since therein the plaintiff actually scheduled a follow-up appointment with the defendant during her last visit at the defendant's offices but she failed to keep the appointment. The *Richardson* court ruled that the Statute of Limitations began to run on the date of the last scheduled appointment rather than her last visit to the defendant's office. The court explained that by scheduling the follow-up visit, both parties obviously anticipated further treatment in the near future. Thus, a continuous relationship of trust and confidence existed between the parties up and until the time that the plaintiff failed to keep her last appointment with the defendant. In the

case at bar, however, the plaintiff James Bellmund did not schedule a follow-up appointment after March 5, 1981, and Dr. Cohen had no further contact with him. Accordingly, there is no basis in the record to conclude that a continuous course of treatment existed between the parties after March 5, 1981 *(see also, De Peralta v Presbyterian Hosp.,* 121 AD2d 346; *cf., Ward v Kaufman,* 120 AD2d 929). Mollen, P. J., Brown, Rubin and Künzeman, JJ., concur.