■ NANCY EDMONDS et al., Respondents, v JAMES A. GETCHONIS et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court (Coutant, J.), entered March 29, 1988 in Chenango County, which denied defendants' motion for partial summary judgment.

In this dental malpractice action, the pivotal question is whether the continuous treatment doctrine applies to salvage part of the claim of plaintiff Nancy Edmonds (hereinafter plaintiff). Defendants acknowledge that plaintiff was under the treatment of defendant James A. Getchonis from May 1977 through August 31, 1978 for the implantation of a lower

subperiosteal metal mandibular implant to correct a denture problem. The implant surgery was conducted in November 1977. When a removable prosthesis proved ineffective, a fixed lower bridge was installed on August 24, 1978 and adjusted one week later. At this juncture, Getchonis advised plaintiff that further appointments were unnecessary unless she experienced any problems. Defendants further agree that on December 2, 1980, plaintiff returned due to continued denture-related problems and remained under Getchonis' care through August 1982. During this period, Getchonis unsuccessfully attempted to surgically remove the implant. Thereafter, on September 16, 1983, plaintiff commenced this action to recover for damages occasioned by the implant throughout the entire course of treatment.[1] Defendants moved for partial summary judgment, contending that the action was time barred under the governing three-year Statute of Limitations with respect to events preceding September 16, 1980.[2] Plaintiff opposed the motion, asserting that continuous course of treatment existed from May 1977 through August 1982 or, alternatively, that defendants were equitably estopped from raising the limitations defense. Supreme Court denied the motion, holding as a matter of law that the continuous treatment exception applied. Defendants have appealed.

At the outset, we recognize that unless continuous treatment is found to exist from the inception of treatment through August 1982, plaintiff's action is time barred with respect to the initial course of treatment ending August 31, 1978. Defendants essentially maintain that plaintiff's December 1980 return, some two years and three months after her release in August 1978, constituted a renewal, not a continuation of treatment (see, Rizk v Cohen, 73 NY2d 98). Defendants emphasize that no contact occurred during this period, with the exception of a September 10, 1978 letter in which plaintiff thanked Getchonis for his efforts and noted "we have finally come to a parting of our ways". We do not, however, find the September 10, 1978 letter or the temporal gap between treatments dispositive of the question presented (see, Lomber v Farrow, 91 AD2d 725, 726).

We realize this is not an instance where continued treat-

---

1. A derivative cause of action was included on behalf of plaintiff's husband.

2. We note that the 2½-year Statute of Limitations contained in CPLR 214-a pertains only to instances of dental malpractice occurring after July 1, 1985; the instant proceeding is therefore governed by CPLR 214 (see, L 1985, ch 760; Richardson v Orentreich, 64 NY2d 896, 898, n).

ment was "explicitly anticipated" by the scheduling of a regular appointment for the near future (*Richardson v Orentreich*, 64 NY2d 896, 898-899). As defendants recognize, however, "a *timely* return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" falls within the scope of "continuous treatment" (*McDermott v Torre*, 56 NY2d 399, 406 [emphasis supplied]). There can be little, if any, doubt that plaintiff's December 1980 return was directly related to the initial implantation. The question confronted is whether this return was "timely" within the rule delineated in *McDermott v Torre* (*supra*).

In determining whether continuous treatment exists, our focus must be on the patient (*see, Rizk v Cohen*, 73 NY2d 98, 104, *supra*). Notably, when plaintiff returned to Getchonis in December 1980, the three-year limitations period had yet to expire. Effectively, she was confronted with the precise dilemma underlying the continuous treatment doctrine. She could either pursue appropriate corrective treatment with Getchonis, and risk a time bar to her claim, or promptly institute an action, while jeopardizing the existing physician-patient relationship (*see, supra*). In our view, these circumstances may well warrant "the invocation of the continuous treatment doctrine" (*Lomber v Farrow*, 91 AD2d 725, 726, *supra*). As a matter of policy, this court has recognized that a "patient should be able to return to his physician for corrective treatment without running afoul of the Statute of Limitations" (*supra*, at 726; *see, Rizk v Cohen, supra; Borgia v City of New York*, 12 NY2d 151, 156).

Assessed from plaintiff's point of view, the temporal gap between visits was not excessive. In her opposing affidavit, plaintiff averred that she continued to place her trust and confidence in Getchonis' care, that she did not consult any other dentist, that her September 10, 1978 letter was not intended to terminate her relationship with Getchonis and that she finally returned for treatment when "the problem with my implant get progressively worse". Given the history of dental treatment in this case, we find, at the very least, that a question of fact exists as to whether plaintiff's December 1980 return was "timely" for purposes of establishing the required continuity (*see, McDermott v Torre*, 56 NY2d 399, 406, *supra; Levy v Schnader*, 96 AD2d 854 [27-month gap]; *Fonda v Paulsen*, 46 AD2d 540 [20-month gap in treatment]; *cf., Curcio v Ippolito*, 63 NY2d 967, 969 [gap of three years after discharge]; *Fox v Glens Falls Hosp.*, 129 AD2d 955, 956-

957 [2½-year gap after discharge, coupled with direction to consult another doctor]).

Additionally, we find that a triable issue exists as to whether defendants should be equitably estopped from raising a Statute of Limitations defense *(see, Ross v Community Gen. Hosp.,* 150 AD2d 838 [decided herewith]). The record demonstrates that by December 1980, plaintiff was experiencing serious problems, including a settling of the lower bridge into her gums. Poignantly, Getchonis conceded in his deposition testimony that settling of an implant is a sign of failure calling for removal. Further troubling is that by September 1981, Getchonis determined that the implant had failed, but admittedly did not inform plaintiff until August 1982. He further agreed that plaintiff had very little jawbone left in September 1981. Giving plaintiff the benefit of every favorable inference to be drawn from this evidence, it is not unreasonable to posture that Getchonis concealed this information in order to avoid a timely lawsuit *(see, supra,* at 841). The issue remains one of fact for a jury to resolve. Moreover, since plaintiff did not discover the true nature of her condition until August 1982, it cannot be said, as a matter of law, that she failed to exercise due diligence in pursuing this claim *(see, supra,* at 841; *see also, Simcuski v Saeli,* 44 NY2d 442, 449-451).

Order modified, on the law, without costs, by deleting so much thereof as held that the continuous treatment exception applied, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.