■ CARIDAD DeJESUS, an Infant, by BLANCA I. NEGRON, Her Mother, Appellant, v PARKCHESTER GENERAL HOSPITAL et al., Defendants, and DAVID H. SCHONHOLZ, Respondent.—Order, Supreme Court, Bronx County (Beverly Cohen, J.), entered March 1, 1989, denying plaintiff's motion to restore a medical malpractice action against defendant Dr. David H. Schonholz, unanimously reversed, on the law and on the facts and in the

exercise of discretion, with costs and disbursements, and the motion granted.

In this medical malpractice action to recover damages for severe birth injuries suffered by the infant, defendant Schonholz, an obstetrician/gynecologist, rendered prenatal care to the plaintiff mother through a union health center. Another defendant, Dr. Margulies, was to be the attending physician at the birth. The mother was admitted to the hospital on April 10, 1976 after her amniotic membranes ruptured. She was sent home on April 12th when her labor did not progress. At the time she arrived home, she was running a fever and vomiting. When notified, Dr. Schonholz advised the plaintiff mother to return to the hospital immediately. He then called Dr. Margulies and made treatment recommendations, including induction of labor, which Dr. Margulies agreed to follow. Plaintiff alleges these recommendations as the basis of her malpractice claim against Dr. Schonholz.

On the basis of a 1987 medical panel's "no finding" of liability, Dr. Schonholz moved, unsuccessfully, for summary judgment dismissal of the complaint on the ground, *inter alia,* that he could not be liable for any treatment rendered by Dr. Margulies since the physician-patient relationship between him and the plaintiff mother had terminated before she went into labor and since he had performed a clinical pelvic evaluation and found the mother's pelvic structure adequate for normal delivery. That motion was denied and this court affirmed the denial (135 AD2d 1153). After the matter was calendared for trial and a jury selected, the case was "marked off" on the mother's failure to appear. Plaintiff's first motion to restore was denied with leave to renew upon submission of a proper affidavit of merit. On her second application, plaintiff submitted an affidavit from Dr. Sidney Siegel, a board-certified obstetrician/gynecologist, who, upon review of the depositions and medical records, concluded that Dr. Schonholz was guilty of malpractice in recommending induction of labor when uterine infection was suspected. Dr. Siegel concluded that delay in performing a Caesarean section resulted in hypoxia (oxygen deprivation), which caused brain damage. In opposing the motion, Dr. Schonholz argued that he rendered only prenatal care and had no responsibility for the mother's care during labor and delivery. The IAS court denied the motion, finding that after the mother's hospital admission on April 10th "Dr. Schonholz had no obligation to render care to [the mother]". We reverse.

Plaintiff's motion to restore was improperly denied since it is clear to us that whether or not Dr. Schonholz was under a

strict obligation to render treatment to the plaintiff mother and her soon-to-be-born daughter, there is no doubt that after being notified that the mother had returned home, he took on the responsibility and did, in fact, render treatment. As the courts have held, treatment does not necessarily end with the last personal visit to the physician. *(Richardson v Orentreich,* 64 NY2d 896, 898.) Thus, it is irrelevant whether Dr. Schonholz's obligation flowed from the preexisting relationship or was a product of his voluntary reopening of a closed case. In either event, Dr. Schonholz, having undertaken to render care, was bound to do so properly. His telephone call to Dr. Margulies consisted of treatment recommendations which Dr. Margulies agreed to follow. Dr. Schonholz went well beyond, as the IAS court characterized his involvement, "facilitating" the mother's readmission. At the very least, a question of fact is presented as to the nature of Dr. Schonholz's participation in the treatment of April 12th, and the court should not have resolved the issue one way or the other. As for plaintiff's submission of proof of malpractice, Dr. Siegel's affirmation states that induction of labor is contraindicated where amnionitis is suspected and that a Caesarean section is almost always called for in such circumstances. According to Dr. Siegel, Dr. Schonholz failed to convey the urgency of the situation and his recommendation to attempt to induce labor only produced an element of delay. Dr. Schonholz's own note indicates that Dr. Margulies agreed to follow the treatment plan outlined by Dr. Schonholz, and Dr. Margulies' actual conduct of the treatment was consistent with his recommendation.

Finally, we note that Dr. Schonholz opposed plaintiff's restoration motion with the same affidavit which had previously been the basis of an unsuccessful motion for summary judgment. The issue of Dr. Schonholz's responsibility for treatment during labor and delivery was paramount on the restoration as well as the summary judgment motion, which was held to pose issues of fact. Since Dr. Schonholz presented no new material and plaintiff, in addition, submitted the requisite affidavit of merit for restoration affirmatively establishing her claim, the IAS court overlooked the law of the case, essentially reversed this court and effectively granted summary judgment on the very issue upon which judgment was previously denied. This was error. Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.