■ DEBRA B. MCSHEFFREY, Respondent-Appellant, v N. PIERRE HELOU, Appellant-Respondent.—In an action to recover damages for medical malpractice, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated October 10, 1989, as denied his motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied her cross motion to dismiss the first affirmative defense set forth in the defendant's verified answer, which asserts the bar of the Statute of Limitations.

Ordered that the order is modified, on the law, the defendant's motion is granted, and the complaint is dismissed; as so modified, the order is affirmed, with costs to the defendant.

Contrary to the plaintiff's contentions, we find that the continuous treatment doctrine did not toll her claim beyond the date of her letter which effectively discharged the defen-

dant as her treating physician, to wit, November 11, 1985. The determination as to whether continuous treatment exists must focus on the patient *(see, Rizk v Cohen,* 73 NY2d 98; *Edmonds v Getchonis,* 150 AD2d 879), and the record at bar is devoid of any objective evidence to demonstrate that after November 11, 1985, the plaintiff retained the "continuous trust and confidence" which underlies the continuous treatment doctrine *(see, Richardson v Orentreich,* 64 NY2d 896; *De Peralta v Presbyterian Hosp.,* 121 AD2d 346). Accordingly, although the plaintiff's summons and complaint was served on the Nassau County Sheriff on May 13, 1988, the action is time-barred by the applicable Statute of Limitations, and must be dismissed *(see,* CPLR 214-a). Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.