■ STELLA FARINA, Appellant, v BENITO B. RISH et al., Respondents. [599 NYS2d 85] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated March 25, 1991, which granted the defendants' respective motions for partial summary judgment dismissing those portions of the

plaintiff's complaint which alleged malpractice occurring prior to 1988 as time barred.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In this medical malpractice action, the plaintiff seeks to avoid the two and one-half year Statute of Limitations period (see, CPLR 214-a) by invoking the doctrine of continuous treatment.

On November 26, 1973, the defendant Benito B. Rish, a plastic surgeon, performed corrective nose surgery on the plaintiff. A series of subsequent surgeries took place in 1975, 1982, 1988, and 1989 respectively. For the surgical procedures performed subsequent to 1975, the defendant utilized the medical facilities of the codefendant St. Joseph's Medical Center. As a result of these surgeries, the plaintiff allegedly suffered permanent scarring and deformity of her nose. Subsequently, the instant action was commenced on May 8, 1990.

After joinder of issue, the defendants moved, *inter alia,* for partial summary judgment dismissing those portions of the complaint which were based on alleged malpractice occurring prior to 1988. The Supreme Court granted the defendants' respective motions, finding in relevant part, that the treatments rendered by Rish were discreet and constituted a resumption of treatment rather than continuous treatment.

We agree with the Supreme Court's finding that the plaintiff has failed to satisfy her burden of coming forward with evidence in admissible form that creates an issue of fact as to the existence of continuous treatment (see, *McSheffrey v Helou,* 172 AD2d 728; *Sherry v Queens Kidney Ctr.,* 117 AD2d 663; see also, *Zuckerman v City of New York,* 49 NY2d 557). Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur. [As amended by order entered Aug. 12, 1993.]