■ GRACE C. NEUREUTHER, Appellant, v JOSEPH S. CALABRESE et al., Defendants, and MILLARD FILLMORE HOSPITAL, Respondent. [600 NYS2d 526] —Order unanimously reversed on the law with costs and motion denied. Memorandum: Plaintiff contends that Supreme Court erred in granting defendant Millard Fillmore Hospital's motion for partial summary judgment dismissing as untimely those portions of plaintiff's complaint that alleged malpractice with respect to the hospital's treatment of plaintiff before December 1982. A medical malpractice action must be commenced within 2½ years of the act, omission or failure complained of or 2½ years after the "last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to said act, omission or failure" (CPLR 214-a).

Plaintiff commenced the present action against the hospital on or about June 26, 1985 alleging medical malpractice by the hospital arising from her treatment from 1979 through 1984, which included five admissions as an in-patient and two as an out-patient. Because plaintiff's complaint alleged acts of malpractice that occurred more than 2½ years before service of her complaint, those acts would be time-barred unless the continuous treatment doctrine tolled the Statute of Limitations.

We conclude that plaintiff's submissions were sufficient to raise a question of fact regarding the applicability of the continuous treatment doctrine and thus preclude summary judgment. That doctrine applies "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or

complaint" *(Borgia v City of New York,* 12 NY2d 151, 155; *see, Nykorchuck v Henriques,* 78 NY2d 255, 258-259; *Richardson v Orentreich,* 64 NY2d 896, 899; *McDermott v Torre,* 56 NY2d 399, 408). Because plaintiff's version of the facts, which for purposes of this motion must be accepted as true *(see, Rizk v Cohen,* 73 NY2d 98, 103), is sufficient to raise a question of fact with regard to the applicability of the continuous treatment doctrine, summary judgment must be denied *(see, McDermott v Torre, supra; Shumway v DeLaus,* 152 AD2d 951, *lv dismissed* 75 NY2d 946).

Plaintiff alleged in her affidavit that she received corrective treatments at the hospital over a period of seven years to rectify damages to her urinary system that resulted from a hysterectomy performed at the hospital in 1979, and that a relationship of trust and confidence existed between herself and the hospital. Additionally, plaintiff's medical expert averred that plaintiff's numerous admissions to the hospital over that seven-year period constituted a continuous course of treatment to alleviate plaintiff's urological problems arising from defendants' malpractice during the 1979 hysterectomy. (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.