■ ROSAURA ALLENDE, Also Known as ROSAURA RIVERA, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [644 NYS2d 18]

Defendant's current arguments as to plaintiff's time for serving a notice of claim was not tolled by continuous treatment were previously raised in an interlocutory appeal (197 AD2d 371), where we found the issue to be a question of fact. We find that the trial court properly held plaintiff established continuous treatment as a matter of law for the gangrenous condition that developed in her fingers while she was under the care of defendant's hospital, Lincoln Medical and Mental Health Center. The hospital records showed that the medical staff was treating the condition, and testimony showed that the staff advised plaintiff that her fingers would fall off and to return

upon that occurrence. Although there was no specific date scheduled for plaintiff's return, the intention to return upon a specified event indicates that both parties did contemplate future treatment (*see, Ward v Kaufman*, 120 AD2d 929). The fact that plaintiff received subsequent treatment at another one of defendant's facilities, North Central Bronx Hospital, does not negate continuous treatment (*see, Marabello v City of New York*, 99 AD2d 133, 139-140, *appeal dismissed* 62 NY2d 942). Defendant acquiesced in the submission of the issue to the court and made no request that the issue be submitted to the jury.

The award of $250,000 for past pain and suffering, and $500,000 for future pain and suffering (as reduced by the trial court, and subsequently stipulated to by plaintiff), where the index finger and middle finger of plaintiff's dominant hand were partially amputated, and given a 30.7-year life expectancy, does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]). Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.