■ MARTHA HENDERSON, Appellant, v WILLIAM MARX et al., Respondents. [674 NYS2d 247] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff commenced this action on September 26, 1996 to recover for injuries resulting from the alleged negligence of defendant William Marx, M.D., in damaging her common bile duct during gall bladder surgery performed at defendant St. Elizabeth Hospital (Hospital) on March 30, 1993. Supreme Court erred in granting the motion of Dr. Marx for summary judgment dismissing the complaint as barred by the Statute of Limitations and the cross motion of the Hospital insofar as it sought the same relief (*see*, CPLR 214-a). Plaintiff's submissions raise triable issues of fact with respect to the applicability of the continuous treatment doctrine (*see, McDermott v Torre*, 56 NY2d 399, 406; *Neureuther v Calabrese*, 195 AD2d 1035, 1035-1036). In addition, the Hospital failed to establish as a matter of law that it is not vicariously liable for the alleged negligence of Dr. Marx. Although the Hospital submitted the affidavit of its chief operating officer asserting that Dr. Marx was not a Hospital employee at the time of the alleged malpractice, "[a] hospital may be

held vicariously liable for a physician's malpractice when the patient sought medical care from the hospital rather than from a particular physician, even where the allegedly negligent physician was an independent contractor rather than an employee of the hospital (*see, Hill v St. Clare's Hosp.*, 67 NY2d 72, 80-81; *Mduba v Benedictine Hosp.*, 52 AD2d 450, 453)" (*Casucci v Kenmore Mercy Hosp.*, 144 AD2d 910). Plaintiff alleges that, when the gall bladder surgery was performed, she had sought treatment from the Hospital rather than any particular physician. Thus, "the hospital administrator's denial of an employee-employer relationship between the hospital and Dr. [Marx] is insufficient to establish as a matter of law that the hospital cannot be held vicariously liable for Dr. [Marx's] alleged acts of negligence" (*Delprete v Victory Mem. Hosp.*, 191 AD2d 673, 674). We therefore modify the order by denying the motion of Dr. Marx and the cross motion of the Hospital insofar as it sought summary judgment and reinstating the complaint against them. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.