■ BERNARD LEVINSON et al., Respondents, v KENNETH S. ETRA et al., Appellants, et al., Defendants. [760 NYS2d 532] —In an action to recover damages for medical malpractice, etc., the

defendants Kenneth S. Etra, Richard Glenn Etra, Lawrence B. Mollick, and Etra, Etra & Mollick, appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 1, 2002, as denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred insofar as asserted against them, and (2) an order of the same court dated November 7, 2002, as denied their motion for leave to renew.

Ordered that the order dated May 1, 2002, is reversed insofar as appealed from, on the law, the motion to dismiss the complaint insofar as asserted against the appellants is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from the order dated November 7, 2002, is dismissed as academic in light of our determination of the appeal from the order dated May 1, 2002; and it is further,

Ordered that one bill of costs is awarded to the appellants.

Between May 20, 1998, and July 7, 1999, the appellants treated the injured plaintiff (hereinafter the plaintiff) on three separate occasions for complaints related to his larynx. On July 7, 1999, the plaintiff was told, among other things, to return for an appointment in one month. At that time, the plaintiff indicated that he understood the importance of a follow-up appointment and agreed to make the appointment. However, the plaintiff never scheduled the appointment and instead began treatment with another physician in November 1999. In June 2000, the plaintiff was diagnosed with tongue cancer. On January 23, 2002, the plaintiff and his wife commenced this action against the appellants, among others, alleging medical malpractice.

The Supreme Court should have granted the appellants' motion to dismiss the complaint insofar as asserted against them. Although the appellants' medical records indicated that the plaintiff agreed to make a follow-up appointment, it is undisputed that he did not schedule an appointment with the appellants following his visit with them on July 7, 1999. There is no basis in the record to conclude that a continuous course of treatment existed between the appellants and the plaintiff after this date (*see Bellmund v Beth Israel Hosp.,* 131 AD2d 796 [1987]; *cf. Richardson v Orentreich,* 64 NY2d 896 [1985]). Thus, the action was untimely (*see* CPLR 214-a). Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.