318

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE WILLIAMS, Appellant. [812 NYS2d 930]—Judgment, Supreme Court, New York County (Rena A. Uviller, J.), rendered on or about May 12, 2004, unanimously affirmed. No opinion. Order filed. Concur—Andrias, J.P., Saxe, Nardelli, Catterson and Malone, JJ.

■ ROSALYN ZELIG, Appellant, v MARK L. URKEN, M.D., Respondent. [813 NYS2d 77]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered March 29, 2005, which granted defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

Plaintiff failed to demonstrate satisfactorily a mutual contemplation, with her physician, of further treatment between her last examination, on July 26, 2001, and a test performed on October 31 of that year, which would have tolled the statute of limitations and rendered timely the commencement of this medical malpractice action in March 2004. Notwithstanding plaintiff's reliance on defendant's notation in the medical record of July 26 that plaintiff was to continue to advance her diet and have a barium swallow test in two months, no appointment was ever scheduled, and defendant had no further contact with her (cf. Richardson v Orentreich, 64 NY2d 896 [1985]). Plaintiff did not reveal, in her affidavit in opposition, the physician who had arranged for the barium swallow test, to whom the results were to be forwarded (cf. Adams v Frankel, 242 AD2d 595 [1997]).

Even if defendant expected plaintiff to return, she did not meet her burden in providing facts to support her claim that she intended to continue treatment with this physician. There is no basis in the record for concluding that an uninterrupted course of treatment continued between the parties after July 26, 2001, and thus the action was properly dismissed as time-barred under CPLR 214-a (see Bellmund v Beth Israel Hosp., 131 AD2d 796 [1987]; see also De Peralta v Presbyterian Hosp., 121 AD2d 346 [1986]). Concur—Andrias, J.P., Saxe, Nardelli, Catterson and Malone, JJ.