■ BEVERLY WILLIAMS-GARDNER, Appellant, v ELIZABETH A. ALMEYDA, Respondent, et al., Defendant. [853 NYS2d 883]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 30, 2007, which granted defendant-respondent's motion pursuant to CPLR 3211 (a) (5) to dismiss this medical malpractice action as time-barred, unanimously affirmed, without costs.

Given that after plaintiff's appointment with defendant on November 1, 1999, further treatment was not "explicitly anticipated" (*Richardson v Orentreich*, 64 NY2d 896, 898 [1985]; *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998])—the parties contemplated such treatment only

"as necessary"—the continuous treatment doctrine does not apply (*see Richardson* at 898-899). Even if the Xeroform gauze, placed in plaintiff's umbilicus during the original surgery and discovered during subsequent exploratory surgery in 2002, were considered a "foreign object" within the meaning of CPLR 214-a, this action, commenced in February 2005, is untimely.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, J.P., Williams, Catterson and Moskowitz, JJ.