■ J. EDGAR CLAYTON JR., as Executor of MARGARET R. AUSTIN, Respondent, v MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, Appellant. [872 NYS2d 101]—

Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered April 4, 2008, which, to the extent appealed from, adhered, upon renewal, to an earlier order denying defendant's motion for summary judgment dismissing plaintiff's medical malpractice claims pertaining to advice provided during a November 1999 phone call, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint in its entirety.

In September 1999, plaintiff's decedent (plaintiff) appeared at defendant hospital complaining of severe diarrhea and rectal bleeding. She was examined by a doctor and referred to a gastroenterologist who performed a colonoscopy and an endoscopy in October 1999. The procedures revealed an anal fissure that appeared to be healing and hemorrhoids, and the gastroenterologist considered the condition benign with no need for him to do anything further.

In November 1999, plaintiff called the gastroenterologist's office and spoke to a doctor, who may have been the gastroenterologist who performed the colonoscopy, but plaintiff was not sure. Although she complained that she was suffering from anal bleeding of "hemorrhage proportions," she was told to continue

taking sitz baths. She did not call back again because she felt that she was given instructions on what to do and there was no help or recommendation available.

In January 2001, plaintiff called defendant's patient representative office seeking an appointment for a colonoscopy and complaining of weakness, hemorrhoids and anal bleeding. In April 2001, she was examined by the gastroenterologist and referred to a colorectal surgeon. In May 2001, plaintiff was diagnosed with anal cancer, which resulted in her death in 2005.

The continuous treatment doctrine tolls the statute of limitations for a medical malpractice action "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (*Borgia v City of New York*, 12 NY2d 151, 155 [1962]). Where there is a direct physician-patient relationship, continuous treatment exists "when further treatment is explicitly anticipated by both physician and patient as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during that last visit, in conformance with the periodic appointments which characterized the treatment in the immediate past" (*Richardson v Orentreich*, 64 NY2d 896, 898-899 [1985]; *see Cox v Kingsboro Med. Group*, 88 NY2d 904 [1996]). Included within the scope of the continuous treatment doctrine is a timely return visit instigated by the patient to complain about and seek treatment for a matter relating to the initial treatment (*see McDermott v Torre*, 56 NY2d 399, 406 [1982]).

The record shows that neither the doctor nor plaintiff anticipated any further treatment after the November 1999 call. Plaintiff testified that she believed nothing more could be done and she did not seek further medical attention until January 2001. The gastroenterolgist testified that he did not believe any further treatment was necessary since the colonoscopy revealed a benign condition that was healing, and while plaintiff stated that she called defendant's patient representative office in January 2001 to schedule another colonoscopy, she did not call the gastroenterologist directly. No evidence was presented that plaintiff viewed the January 2001 call as related to the November 1999 call, and since she did not contact the doctor who may have spoken with her in November 1999, the January 2001 call was a renewal of contact rather than a continuation of the treatment rendered a year earlier (*see O'Donnell v Siegel*, 49 AD3d 415, 417 [2008]). Accordingly, since the continuous treatment doctrine is not applicable, the 2½-year statute of limitations for plaintiff's claim relating to the November 1999

phone call expired in May 2002 and the action commenced in June 2003 is time-barred (*see* CPLR 214-a). Concur—Saxe, J.P., Gonzalez, Sweeny, Renwick and DeGrasse, JJ. [*See* 18 Misc 3d 1133(A), 2008 NY Slip Op 50276(U).]