■ VIDALIA DIAZ-MAZARIEGOS et al., Appellants, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Respondents. [947 NYS2d 100]—

Order, Supreme Court, New York County (Judy Harris Kluger, J.), entered February 17, 2012, which denied plaintiffs' motion to deem their notice of claim timely, nunc pro tunc, and granted defendants' cross motion for dismissal of the complaint on the ground that plaintiffs failed to file a notice of claim within the statutory 90-day period, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 17, 2012, which denied plaintiffs' motion for expedited discovery and a trial preference, unanimously dismissed, without costs, as moot.

Plaintiffs allege that defendants committed medical malpractice in failing to earlier diagnose plaintiff Vidalia Diaz-Mazariegos's breast cancer. The subject claim arose on May 21, 2010, during a post-partum visit at Bellevue Hospital. Plaintiff claims that, during this visit, she made complaints about a lump in her left breast and was told that the condition was related to her pregnancy and milk production. In June 2010, plaintiff returned to Bellevue for an unrelated condition. Plaintiff next sought treatment at Bellevue for her left breast on June 16, 2011, at which time a mass was found. Plaintiff was subsequently diagnosed with breast cancer which had metastasized.

The court properly denied plaintiffs' motion for leave to extend their time to file a notice of claim against New York City Health & Hospitals Corporation (HHC), as the application was made beyond the time limit for the commencement of an action by plaintiffs against HHC, to wit, one year and 90 days (*see* General Municipal Law § 50-e [5]; *Croce v City of New York*, 69 AD3d 488 [2010]). Plaintiffs have not established that the June 16, 2011 visit was part of a continuous course of treatment for the left breast condition, for purposes of tolling the statute of limitations, as there was no contemplation of further treatment for the condition at the May 2010 visit, no appointments were scheduled for monitoring, and plaintiff made no interim complaints concerning the condition (*see Clayton v Memorial Hosp. for Cancer & Allied Diseases*, 58 AD3d 548, 549 [2009]; *cf. Oksman v City of New York*, 271 AD2d 213, 215 [2000]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Moskowitz and Renwick, JJ.