Order, Supreme Court, New York County (Joan B. Lobis, J.), entered November 27, 2012, which, in this action alleging dental malpractice, denied defendants’ motion to dismiss the complaint *594 as barred by the statute of limitations, unanimously affirmed, without costs.
Defendant Dr. Pasquale J. Malpeso demonstrated prima facie that he completed a full mouth restoration for plaintiff, which involved placement of 20 implants replacing teeth Nos. 3-14 and 19-30, on September 11, 2008, and that the instant action, commenced on September 14, 2011, more than 27a years later, is barred by the applicable statute of limitations (CPLR 214-a). However, the motion for summary judgment was properly denied. Plaintiff raised a triable issue of fact as to whether Dr. Malpeso provided continuous treatment after September 14, 2008, and through at least March 14, 2009 (see CPLR 214-a; Richardson v Orentreich, 64 NY2d 896, 899 [1985]; Santiago v Filstein, 35 AD3d 184, 187-188 [1st Dept 2006]). Defendants’ records show that Dr. Malpeso placed plaintiff on a two-month follow-up schedule after he noted that the restoration was complete, and renewed that direction in May 2009. At subsequent appointments, he replaced a lost or broken new crown, and the office addressed hygiene and gum issues. Plaintiff testified that she continued to complain of chronic pain and of dissatisfaction with the cosmetic results of the restoration dozens of times between September 2008 and February 2010, and that the parties discussed ways to address her complaints. While defendants contend that all subsequent visits related to distinct or routine conditions, there are issues of fact as to whether those visits were part of a continuous course of treatment involving correction of conditions resulting from the alleged improperly performed restoration (see Krzesniak v New York Univ., 22 AD3d 378, 378-379 [1st Dept 2005]), and whether they were “instigated by the patient to complain about and seek treatment for a matter relating to the initial treatment” (Clayton v Memorial Hosp. for Cancer & Allied Diseases, 58 AD3d 548, 549 [1st Dept 2009]).
Concur—Andrias, J.P, Acosta, Freedman, Richter and Gische, JJ.