*663 In an action to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated October 10, 2012, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the applicable statute of limitations.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the applicable statute of limitations is granted.
A party moving pursuant to CPLR 3211 (a) (5) to dismiss a complaint as barred by the applicable statute of limitations must establish, prima facie, that the period in which to commence the action has expired (see QK Healthcare, Inc. v InSource, Inc., 108 AD3d 56, 65 [2013]; Baptiste v Harding-Marin, 88 AD3d 752, 753 [2011]). The burden then shifts to the nonmoving party to raise an issue of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781 [2013]; Baptiste v Harding-Marin, 88 AD3d at 753; Williams v New York City Health & Hosps. Corp., 84 AD3d 1358, 1359 [2011]).
Here, the defendants established that the last time they treated the plaintiff was on April 7, 2009, at which time the plaintiff was referred to the emergency room at St. Luke’s Roosevelt Hospital for evaluation. Therefore, the defendants demonstrated, prima facie, that the applicable 2x/2-year limitations period (see CPLR 214-a) expired on October 7, 2011, and that this action was untimely commenced on October 19, 2011.
In opposition, the plaintiff failed to raise an issue of fact as to whether the continuous treatment doctrine applied to toll the statute of limitations. Although the plaintiff asserted that the defendants suggested that she make a follow-up appointment in the future, the plaintiff never scheduled an appointment with the defendants following her final visit with them on April 7, 2009 (see Capece v Nash, 70 AD3d 743, 745 [2010]; Elrington v Staub, 29 AD3d 939 [2006]; Zelig v Urken, 28 AD3d 318 [2006]; Levinson v Etra, 306 AD2d 250, 251 [2003]; Bellmund v Beth Israel Hosp., 131 AD2d 796, 798 [1987]). The plaintiff has not shown that she sought, and in fact obtained, an actual course of *664 treatment from the defendants after this date (see Petito v Roberts, 113 AD3d 743, 743 [2014]). Accordingly, the Supreme Court should have granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the applicable statute of limitations.
Rivera, J.P, Lott, Roman and Hinds-Radix, JJ., concur.