Carni, J.
(dissenting). I respectfully dissent in part. I agree with my colleagues that defendants are entitled to summary judgment dismissing plaintiff’s claim that defendants are equitably estopped from asserting a statute of limitations defense. However, I respectfully disagree with the conclusion that plaintiff raised issues of fact in response to defendants’ prima facie entitlement to partial summary judgment with respect to plaintiff’s assertion of a toll under the continuous treatment doctrine.
Following an office appointment with Frank A. Luzi, Jr., M.D. (defendant) on April 2, 2002, which concluded with defendant to “see [plaintiff] back on an as needed basis” with no scheduled follow-up appointment, plaintiff returned to defendant on September 5, 2003 to be seen as a result of being “pushed against the wall by one of her children.” This was a patient-initiated appointment. At the conclusion of this ap *1720 pointment, defendant diagnosed plaintiff with a “left shoulder strain and a contusion . . . with no obvious evidence of loosening or fracture.” Defendant “recommended continued exercises on her own and [plaintiff] was given samples of anti-inflammatory medication.” Again, defendant noted that he would “see [plaintiff] on an as needed basis.” Plaintiff did not see defendant again until April 28, 2006, which again was a patient-initiated appointment.
The undisputed facts further establish that between September 5, 2003 and April 28, 2006, a gap of more than 2V2 years (see CPLR 214-a), plaintiff had no scheduled return appointments, sought no patient-initiated appointments, received no treatment of any kind from defendant, and no medications were prescribed or renewed by defendant on plaintiff’s behalf. Plaintiff testified at her examination before trial that the reason for such a long time between these appointments was that she “had gotten discouraged with [defendant]. It was kind of learn to live with it, you’re going to have problems, kind of deal with it type of thing. It was like why keep going back to him, he’s going to keep telling me the same thing.”
In my view, because the parties only contemplated treatment after September 5, 2003 on an “as needed basis,” the continuous treatment doctrine does not apply (see Williams-Gardner v Almeyda, 50 AD3d 286, 286-287 [2008], lv denied 11 NY3d 708 [2008]). No further treatment was “explicitly anticipated” after the September 5, 2003 appointment (Richardson v Orentreich, 64 NY2d 896, 898 [1985]).
Moreover, inasmuch as plaintiff admitted that the more than 2x/2-year gap in treatment was because she was discouraged with defendant and she did not expect any actual treatment if she returned, it cannot be said that there existed the “trust and confidence” that ordinarily marks the physician-patient relationship and “puts the patient at a disadvantage in questioning the doctor’s skill because to sue while undergoing treatment necessarily interrupts the course of treatment” (Massie v Crawford, 78 NY2d 516, 519 [1991], rearg denied 79 NY2d 978 [1992]). Here, there simply was no course of treatment to interrupt during the more than 2x/2-year hiatus between appointments. “A patient is not entitled to the benefit of the toll in the absence of continuing efforts by a doctor to treat a particular condition because the policy reasons underlying the continuous treatment doctrine do not justify the patient’s delay in bringing suit in such circumstances” (id. at 519). Here, plaintiff’s testimony at her examination before trial established that for over 2V2 years she neither believed nor *1721 expected that defendant was making, or would make, any continuing efforts to treat her shoulder problems. In my view, under these circumstances, the policy reasons underlying the continuous treatment doctrine are simply not implicated.
Therefore, I would modify the order by granting defendants’ motion for partial summary judgment in its entirety, and dismissing the allegations in the complaint with respect to any medical malpractice occurring prior to March 30, 2006.
Present — Whalen, P.J., Centra, Carni, DeJoseph and Troutman, JJ.