■ CELINA WEINREICH et al., Appellants, v A. H. ROBINS COMPANY, Respondent. — In an action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County (Leviss, J.), entered August 27, 1982, granting defendant's motion for summary judgment dismissing the complaint on the ground that the action is barred by the applicable Statute of Limitations. Order affirmed, with costs. This is an action for personal injuries, etc., allegedly caused by the Dalkon Shield, an intrauterine contraceptive device (hereinafter IUD) manufactured by defendant. The action was commenced on January 28, 1982 by service of a summons and verified complaint, which complaint alleged that the device had been inserted on or about September 16, 1972 and removed on March 26, 1980, but did not allege the date of injury. Defendant's answer asserted the affirmative defense of the Statute of Limitations and defendant thereafter moved for summary judgment dismissing the complaint upon that ground. In an affirmation in opposition to the motion, plaintiffs' attorney alleged that the injury, i.e., the onset of pelvic inflammatory disease, had occurred in March, 1980. Special Term granted summary judgment and dismissed the complaint, holding that the cause of action had accrued on the date of insertion of the IUD and was therefore time barred. It has now been determined that a cause of action for injuries caused by the Dalkon Shield accrues as of the onset of the infection which produced the injury, and not on the date of insertion of the device (*Lindsey v Robins Co.,* 91 AD2d 150). However, while *Lindsey* is contrary to the holding of Special Term in the case at bar, reversal is not required, and we affirm on a different ground. Although the standard of proof required of the party opposing summary judgment is more flexible than the standard applicable to the movant, the opponent is nevertheless required to tender evidentiary proof in admissible form reflecting such opposition or alternatively is required to demonstrate an acceptable excuse for failure to do so (*Guzzardi v Perry's Boats,* 92 AD2d 250; *Maresca v Berson,* 84 AD2d 760, app dsmd 57 NY2d 777). In the case at bar, plaintiffs failed to do either. The date of injury concededly was not alleged in the complaint, and the only allegation regarding the onset of injury was contained in the affirmation of plaintiffs' attorney, filed in opposition to the motion for summary judgment, which stated that plaintiffs intended to prove at trial that the injury occurred in March, 1980. This affirmation was not based on personal knowledge and did not constitute evidentiary proof in admissible form, and it was therefore to be disregarded (*Guzzardi v Perry's Boats, supra,* p 253). Thus, plaintiffs failed to raise any issue of fact with respect to the date of the alleged injury, and the motion by defendant for summary judgment was therefore properly granted. Thompson, J. P., O'Connor, Weinstein and Bracken, JJ., concur.