■ EVELYN P. SHERRY, Individually and as Executrix of ROBERT H. SHERRY, Deceased, Respondent, v QUEENS KIDNEY CENTER, Also Known as QUEENS ARTIFICIAL KIDNEY CENTER, et al., Defendants, and THEODORE MANDELBAUM, Appellant.—In a medical malpractice action, defendant Theodore Mandelbaum appeals from so much of an order of the Supreme Court, Nassau County (Berman, J.), entered September 19, 1984, as (1) upon granting that branch of his motion which was for renewal and reargument of so much of a prior motion by him which was to strike a portion of plaintiff's amended bill of particulars, adhered to the original determination denying that application, and (2) denied that branch of his motion which was for partial summary judgment dismissing so much of plaintiff's complaint as sought to recover damages with respect to treatments rendered by him prior to 1972 as barred by the Statute of Limitations.

Order modified, on the law, and that branch of appellant's motion which sought partial summary judgment dismissing so much of the complaint as sought to recover damages with respect to treatments rendered by him prior to 1972, granted. As so modified, order affirmed, insofar as appealed from, with costs to appellant.

This appeal involves an effort by appellant, Dr. Theodore Mandelbaum, to dismiss so much of plaintiff's complaint as seeks to recover damages for malpractice in the treatment of plaintiff's decedent from 1948 through 1972 on the ground that such claims are barred by the Statute of Limitations. Plaintiff relies on the continuous course of treatment doctrine promulgated in *Borgia v City of New York* (12 NY2d 151) to establish an exception to the general rule concerning claim accrual. Appellant counters that his office records reveal that substantial temporal gaps existed between the dates he rendered treatment to decedent and he argues that these gaps constituted "breaks in continuity" thereby rendering the continuous treatment doctrine inapplicable to the matter at bar because the treatment he provided to the decedent was intermittent rather than continuous.

The documentary evidence submitted by appellant reveals

that decedent first consulted with him in August of 1948. The next office visit occurred on January 20, 1956, approximately 7½ years later. The decedent was examined by appellant on a fairly regular basis, from 1958 through 1960. However, another hiatus in treatment, of approximately eight years, occurred between the last visit in 1960 and the next recorded office visit, which was on November 5, 1968. Appellant's records further reveal that decedent consulted with him on June 4, 1969, and that nearly three years elapsed before their next consultation on June 3, 1972.

We find that the lapse of time between appellant's examinations of the decedent militates against applying the continuous course of treatment doctrine for any treatment rendered prior to 1972. This court, in numerous cases, has recognized that treatment is not considered continuous when the interval between treatments exceeds the period of limitation *(see, Bennin v Ramapo Gen. Hosp.,* 72 AD2d 736; *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379; *Curcio v Ippolito,* 97 AD2d 497, *affd* 63 NY2d 967).

In response to the documentation provided by appellant regarding the extensive temporal gaps in treatment, plaintiff merely submitted a self-serving and unsubstantiated affidavit executed by her daughter. This affidavit, basically, consisted of hearsay statements that the appellant, on occasion, would examine decedent, who was also a physician, at the hospital where they both had privileges. The affidavit conspicuously failed to mention any specific dates on which these alleged examinations occurred. Such an omission is fatal when opposing a defense based on the Statute of Limitations which, of course, is predicated on the establishment of dates and the calculation of time. Plaintiff, as the opponent of a motion for partial summary judgment, was required to tender evidentiary proof in an admissible form to support her position *(see, Zuckerman v City of New York,* 49 NY2d 557; *Weinreich v Robins Co.,* 96 AD2d 860). The affidavit that was submitted in opposition to the motion was insufficient to establish the existence of a factual issue with regard to the applicability of the continuous course of treatment doctrine. On the other hand, the documentary proof submitted by appellant compels us to conclude that the treatment rendered by him was intermittent rather than continuous *(see, Renda v Frazer,* 100 Misc 2d 511, 515, *affd* 75 AD2d 490).

With respect to the hiatus in treatment between the 1969 and 1972 office visits, we note that the time which elapsed between these consultations was just one day short of the

then-applicable three-year Statute of Limitations. In *Barrella v Richmond Mem. Hosp.* (88 AD2d 379, 384, *supra),* the court observed that the existence of temporal gaps between treatments is a factor to be considered in determining continuity and that "no existing rule defines with any precision what amount of time shorter than the period of limitations may intervene without a break in continuity". The decedent was a physician and, no doubt, realized that continuity of treatment was necessary to control and regulate his hypertension. The fact that he allowed almost three years to elapse between examinations leads us to conclude that the June 3, 1972 office visit constituted a resumption of treatment rather than a continuation thereof. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.