■ BEN PITTELLI et al., Respondents, v H. HENRY SCHULMAN, Appellant.—In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated January 7, 1986, which denied his motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the complaint is dismissed.

The defendant, an attorney, was retained by the plaintiffs Ben and Ursula Pittelli in June 1962 to effectuate the adoption of the then infant Frank Pittelli. An order of adoption was not signed by Surrogate Signorelli until April 26, 1985. The plaintiffs commenced this action by service of a summons and complaint on or about June 10, 1985. The complaint

sounds in legal malpractice based upon the almost 23-year delay in completing the adoption despite repeated requests by the plaintiffs that the defendant do so. The plaintiffs' alleged damages result from difficulty in obtaining records, permits and licenses and "embarrassment, emotional trauma and humiliation". The emotional damages are based upon an alleged incident which occurred in February 1985, when a representative from the Suffolk County Probation Department came to visit the plaintiffs' home to examine the environment and look at the plaintiff Frank Pittelli's toys.

The defendant did not answer but moved to dismiss the complaint under numerous provisions of CPLR 3211. Special Term denied the defendant's motion on the ground that the plaintiffs had made out a prima facie cause of action sounding in legal malpractice and that the Statute of Limitations had been tolled due to continuous representation. We reverse.

Even if the complaint states a cause of action, it is untimely under CPLR 214 (6). An action for malpractice accrues when the malpractice is committed (Glamm v Allen, 57 NY2d 87). The defendant was retained in June 1962; and after he failed to complete the adoption, the plaintiffs demanded their papers and return of their retainer fee. The complaint alleges as follows: "After several years had gone by without getting any results, plaintiffs demanded their papers back, together with the retainer they had paid. Defendant failed and refused to return same".

Thus, the cause of action, if any, must be deemed to have accrued "several years" after June of 1962. Contrary to the plaintiffs' assertions, the doctrine of continuous representation is inapplicable to toll the running of the Statute of Limitations. For the doctrine to apply, there must be "clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney often involving an attempt by the attorney to rectify an alleged act of malpractice" (Muller v Sturman, 79 AD2d 482, 485). One of the predicates to application of the continuous representation doctrine is continuing trust and confidence (Coyne v Bersani, 61 NY2d 939). In this case, any such relationship the parties had ceased to exist "several years" after the initial retention when the plaintiffs demanded their documents and a return of their retainer fee. There is a significant lapse in representation in this case well exceeding the applicable Statute of Limitations period, and the representation cannot be said to be continuous under these circumstances (see, Sherry v Queens Kidney Center, 117 AD2d 663).

Further, the plaintiffs' contention that the cause of action in favor of Frank Pittelli should be tolled because of his infancy is without merit. Frank was born on March 13, 1959, and his disability for infancy ceased on March 13, 1977 (see, CPLR 208, 105 [j]). Thus, the three-year statute would have expired as to him on March 13, 1980, and this action was not commenced until on or about June 10, 1985.

In view of this determination, we need not reach the other issues raised by the defendant on appeal. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.