■ Doris C. Fox, Appellant, v Glens Falls Hospital et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Dier, J.), entered September 29, 1986 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff argues that Supreme Court erred in dismissing her complaint as untimely since she commenced her action within two years and six months of the last treatment of a course of continuous treatment by defendants (CPLR 214-a). We find no merit in the argument.

Plaintiff appeared at the emergency room of defendant Glens Falls Hospital in Warren County on September 27, 1982 complaining of a headache. After an examination, medication was prescribed and plaintiff was directed to see her own doctor if the pain continued. Five days later, plaintiff returned to the hospital's emergency room, complaining of congestion

and headaches. Different medication was prescribed to treat sinusitis and plaintiff was referred to a Dr. Emblidge. Nearly 2½ years later, on March 16, 1985, plaintiff was transported to the hospital's emergency room by the local rescue squad after an acute onset of severe headache and brief loss of consciousness. Plaintiff was diagnosed as having aneurysms of the right and left internal carotid arteries, and she was transferred to St. Peter's Hospital in the City of Albany on March 20, 1985. Thereafter, plaintiff underwent surgery at Albany Medical Center for repair of a ruptured aneurysm but she was left with substantially limited motor abilities.

In this action against the hospital and its emergency room physicians, plaintiff alleges that her injuries are attributable to improper diagnosis and treatment in the hospital's emergency room on September 27, 1982 and October 2, 1982. There is no claim of any medical malpractice arising out of plaintiff's admission to the hospital's emergency room on March 16, 1985, but plaintiff claims that this admission was part of defendants' continuous treatment of her begun on September 27, 1982. Thus, according to plaintiff, this action, commenced within two years and six months of the March 16, 1985 admission, is timely.

The continuing nature of a diagnosis or misdiagnosis does not itself amount to continuous treatment *(McDermott v Torre,* 56 NY2d 399, 406). Rather, the continuous treatment doctrine requires the existence of a relationship of continuing trust and confidence between the patient and physician *(Coyne v Bersani,* 61 NY2d 939, 940). This relationship, however, does not necessarily come to an end upon a patient's last personal visit with his or her physician *(Richardson v Orentreich,* 64 NY2d 896, 898). "Thus, there will be continuing treatment when a patient, instructed that he or she does not need further attention, soon returns to the doctor because of continued pain in that area for which medical attention was first sought" *(McDermott v Torre, supra,* at 406).

In the case at bar, plaintiff's return to the emergency room five days after her initial discharge can be viewed as continuing treatment, since her return was timely and she sought further attention for continuing headaches. The record contains no evidence of plaintiff's return to the hospital for additional treatment following her second discharge until she was admitted nearly 2½ years later after having been brought to the emergency room by the local rescue squad. In these circumstances, we conclude that any relationship of continuing trust and confidence between plaintiff and the hospital or

its emergency room physicians terminated when, following her second visit to the emergency room, plaintiff was discharged with directions to see another doctor, and her subsequent return nearly 2½ years later "constituted a resumption of treatment rather than a continuation thereof" *(Sherry v Queens Kidney Center,* 117 AD2d 663, 665). In the absence of a *timely* return visit instigated by plaintiff, the required continuity has not been established *(see, Curcio v Ippolito,* 63 NY2d 967, 969). Therefore, the order granting defendants' motion for summary judgment should be affirmed.

Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.