■ HELEN C. NOACK, Respondent, v DANIEL J. SYMENOW et al., Defendants, and RADIOLOGIC PHYSICIANS OF WESTERN NEW YORK, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In 1976, plaintiff had a cancerous kidney removed. On January 29, 1980, she was admitted by her physician to St. Joseph Intercommunity Hospital complaining of chest and abdominal pain. During the hospital stay, defendant Radiologic Physicians of Western New York (Radiologic Physicians) performed a bone scan and diagnosed bone cancer. This diagnosis was imparted to plaintiff's physician, who then started cancer treatments. At her physician's request, the plaintiff received outpatient care at the hospital

on December 11, 1980, July 21, 1981 and February 25, 1982. On each occasion, Radiologic Physicians performed a bone scan, compared the results with the prior scans, and imparted the same diagnosis to plaintiff's physician. In the fall of 1982, plaintiff saw a different physician, and following further diagnostic procedures at another hospital, was advised that she had metabolic bone disease, not cancer.

An action for malpractice was commenced against the physician, hospital and Radiologic Physicians, with service upon the latter on January 31, 1984. All defendants asserted a Statute of Limitations affirmative defense in their answers. Plaintiff instituted this motion to dismiss, pursuant to CPLR 3211 (b), the Statute of Limitations defense raised by each defendant.

We conclude that the court erred by granting plaintiff's motion as against Radiologic Physicians with respect to the diagnostic procedures it performed prior to February 25, 1982. Those procedures were performed more than 2½ years prior to commencement of the action and any action seeking to impose liability for those acts is now time barred (CPLR 214-a). Plaintiff's attempt to apply the continuous treatment doctrine must fail. Radiologic Physicians performs diagnostic procedures pursuant to a contract with the hospital. It maintains no contact with the patient aside from performance of the procedure and taking a brief history from the patient. Records of its procedures are maintained by the hospital, and any diagnosis is imparted directly to a physician, not to the patient. Under these circumstances, the performance of each bone scan was complete and discrete and did not constitute continuing treatment (Davis v City of New York, 38 NY2d 257; see also, Marlowe v DuPont deNemours & Co., 112 AD2d 769, 771). The mere fact that on successive occasions Radiologic Physicians compared prior bone scans with the current scan does not render treatment continuous. "A determination as to whether there is continuous treatment should be based upon whether there exists a relationship of continuing trust and confidence between the patient and the physician" (Ward v Kaufman, 120 AD2d 929, 930; see also, Coyne v Bersani, 61 NY2d 939, 940). A comparison of test results suggests adherence to appropriate diagnostic procedure, not a change in the level or nature of trust and confidence between patient and radiologist.

Accordingly, we modify the court's order to deny plaintiff's motion to dismiss the affirmative defense of Statute of Limitations as to any conduct of Radiologic Physicians alleged to

have occurred prior to February 25, 1982. (Appeal from order of Supreme Court, Erie County, Gossel, J.—dismiss affirmative defenses.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.