■ Louis I. Flego, as Executor of Lydia Markunas, Deceased, Respondent, v Joseph Vilasi et al., Appellants, et al., Defendant. (Action No. 1.) Louis I. Flego, as Executor of Lydia Markunas, Deceased, Respondent, v Maganlal Sutaria et al., Defendants, and Robert Blake, Appellant. (Action No. 2.)—In two consolidated actions to recover damages for medical malpractice, the defendants Vilasi, Faegenburg and Blake appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated March 29, 1988, as denied their motion for summary judgment dismissing the complaints insofar as asserted against them as time barred.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, the complaints are dismissed insofar as asserted against the defendants Blake, Faegenburg and Vilasi, and the action against the remaining defendants is severed.

The plaintiff Louis I. Flego, as executor of the estate of his sister, Lydia Markunas, commenced the instant actions to recover damages for alleged acts of medical malpractice committed by the five individual defendant physicians and by the defendant Winthrop University Hospital, formerly doing business as Nassau Hospital. The plaintiff asserted that the defendants' alleged acts of malpractice were the cause of personal injuries sustained by Lydia Markunas and of her death on May 23, 1984. The plaintiff's untimely wrongful death cause of action was withdrawn and discontinued with prejudice.

All of the defendants were served with summonses and complaints in this action within 2½ years of the decedent's death. Thereafter, the defendants Blake, Faegenburg, and Vilasi moved for summary judgment dismissing the complaints as against them on the ground that their last participation in the decedent's medical care occurred in excess of 2½ years prior to service of process upon them. The Supreme Court denied their motion and we now reverse.

In support of their motion, each of these defendants submitted sworn affidavits averring that they last provided medical care for the decedent during the early phases of her hospitalization and more than 2½ years prior to the plaintiff's commencement of the present action. Accordingly, the appellants assert that the plaintiff's action is time barred under CPLR 214-a. The decedent's medical records support the appellants' contentions and they demonstrate that the appellants did not render any medical treatment to the plaintiff's decedent within 2½ years of the commencement of the instant actions. Indeed, these defendants, 2 of whom are radiologists and 1 an anesthesiologist, participated in the decedent's two surgical operations which occurred during the early part of her hospitalization. It is settled that as against them, the period of limitations began to run at the time they ceased to be involved in the decedent's care (see, *Harvey v Ehtisham,* 116 AD2d 699).

In opposition, the plaintiff submitted only a vague and conclusory affidavit alleging that throughout his sister's hospitalization, he visited her on an almost daily basis and that during this time, he "observed and/or consulted with all of the individual defendants and several other treating physicians in connection with their care and treatment of my

sister". This representation, which does not identify either the dates or substance of these alleged conversations, or the doctors allegedly involved, is clearly insufficient to rebut the documentary evidence provided by the appellants to the contrary (cf., Sherry v Queens Kidney Center, 117 AD2d 663). Moreover, even assuming that the plaintiff did speak with these defendants about "their care and treatment of [his] sister", the plaintiff fails to allege that these conversations related to ongoing, as opposed to past care, of the decedent. Accordingly, the plaintiff's failure to demonstrate the existence of a factual issue (see, Zuckerman v City of New York, 49 NY2d 557) as to the timeliness of this action against the defendants, Blake, Faegenburg and Vilasi renders the award of summary judgment in their favor appropriate (Sherry v Queens Kidney Center, supra). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.