■ ANDERSON COMPANY et al., Appellants, v MICHAEL C. DEVINE et al., Respondents. [608 NYS2d 514] —In an action to recover damages for legal malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered December 18, 1991, as granted those branches of the defendants' motions which were to dismiss the complaint on the ground that it was barred by the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

While the plaintiffs seek to establish on appeal, as they did in opposition to the motion, that this Court should apply a novel rule pertaining to the accrual of a cause of action for legal malpractice, there is no basis for not applying the existing rule that such an action accrues upon the date on which the malpractice occurred *(see, Glamm v Allen,* 57 NY2d 87, 93; *McDermott v Torre,* 56 NY2d 399, 406; *Pittelli v Schulman,* 128 AD2d 600, 601). This accrual rule, when applied in conjunction with the "continuous representation" doctrine, leads us to conclude that the running of the statutory period was tolled only until March 22, 1976 *(see, Glamm v Allen, supra,* at 93-94; *Pittelli v Schulman, supra,* at 601; *see also, Winkler v Messinger, Alperin & Hufjay,* 147 AD2d 693) and therefore, that the action was properly dismissed as time-barred.

In so holding, we further conclude that the plaintiffs have failed to demonstrate that the defendants should be equitably estopped from raising their affirmative defense of the Statute of Limitations *(cf., Simcuski v Saeli,* 44 NY2d 442, 448-449; *Park Assocs. v Crescent Park Assocs.,* 159 AD2d 460, 461). Furthermore, equitable estoppel is unavailable to the plaintiffs

because of their failure to assert it in their complaint *(see, Florio v Cook,* 48 NY2d 792, 793; *Stafford v Bickford,* 159 AD2d 456, 457).

Finally, we decline to impose sanctions against the plaintiffs as requested by the defendant Butowsky. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.