■ HARVEY CATANZARO, Respondent, v GINA M. MADDEN et al., Defendants, and EDWIN P. HUTSAL et al., Appellants. [612 NYS2d 4] —Order, Supreme Court, Kings County (Nicholas A. Clemente, J.), entered February 28, 1992, in an action for medical malpractice, denying defendants-radiologists' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on grounds of expiration of the applicable statute of limitations, unanimously reversed, on the law, and the complaint dismissed as to defendants Hutsal, Gudas, and Rohas, without costs.

The issue on appeal is whether treatment provided to plaintiff by other medical professionals is chargeable to defendants-radiologists as continuous treatment so as to extend the statutory limitations period as to them.

The particular circumstances in this case notwithstanding— that plaintiff underwent a single hospitalization for an acute problem which was treated continuously by a number of persons for a period of less than two weeks, and the short time span between the diagnostic services rendered by defendants and the cessation of treatment—we find the continuous treatment doctrine inapplicable to these defendants. They established that they acted as employees of an independent laboratory and that no "relevant relationship", sufficient to

impute continuous treatment for statute of limitations purposes, existed between them and either the hospital staff or the physicians who treated plaintiff, nor was there a continuing relationship between defendants and plaintiff (*McDermott v Torre,* 56 NY2d 399, 403; *Noack v Symenow,* 132 AD2d 965).

Therefore, assuming plaintiff commenced this action on the date he alleges, March 13, 1991, it was nevertheless more than two and a half years after the last date on which defendants treated him, and the complaint must be dismissed as to them. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Williams, JJ.