**Anne Huppé SPENCER, Plaintiff,**

v.

**David H. COHEN, Esquire, Defendant.**

**No. 93–CV–1358.**

United States District Court, N.D. New York.

May 15, 1995.

236

Law Offices of Charles Kadish (Charles Kadish, of counsel), Portland, ME, for plaintiff.

David H. Cohen, Vestal, NY, pro se.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff has commenced this action for professional negligence and negligent infliction of emotional distress relating to defendant's alleged failure to properly pursue the negotiation and compromise of a default judgment lien on behalf of Chemical Bank and a federal tax lien on plaintiff's house, which she was attempting to sell. Plaintiff claims that defendant was negligent in failing to properly pursue the negotiation and compromise of the liens, failing to advise her of the status of his efforts on her behalf, and failing to timely advise her of his inability to negotiate the desired compromises.

On August 4, 1994, defendant filed a motion seeking disqualification of plaintiff's attorney due to counsel's personal relationship with the plaintiff, and dismissal of the action on statute of limitations grounds. Plaintiff filed a motion in opposition which both opposed the motion for disqualification and cross-moved for partial summary judgment dismissing defendant's Second Affirmative

Defense, which is also based on expiration of the statute of limitations.

By letter to this Court, defendant then withdrew his statute of limitations motion on the ground that there "appears to be a question of fact ... and therefore the issue of Statute of Limitations will have to await trial." Letter from David H. Cohen to Hon. Thomas J. McAvoy, Sept. 22, 1994. Defendant also withdrew his motion for disqualification of plaintiff's counsel. Defendant then amended his motion, seeking summary judgment dismissing all counts of the complaint, and warning plaintiff that Rule 11 sanctions will be sought if this case goes to trial.

## II. DISCUSSION

### A. Rule 11 Sanctions

Sanctions pursuant to Fed.R.Civ.P. 11 may be imposed only where an attorney has signed a pleading with an improper purpose or without having made reasonable inquiry as to whether it is well grounded in fact and warranted by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law. Fed.R.Civ.P. 11(a). Defendant here has not properly presented his motion for sanctions to this court. Fed.R.Civ.P. 11(b) requires that a motion for sanctions describe the specific conduct alleged to be sanctionable and that it be made separately from other motions. Furthermore, Rule 11(b) also requires that the motion first be served on the alleged violating party, and if after 21 days such party refuses to withdraw or correct the alleged sanctionable conduct or argument, the motion pursuant to Rule 11 may be filed with the court.

In the instant case, defendant has simply threatened to seek Rule 11 sanctions should the case proceed to trial. It therefore appears that defendant is not making a Rule 11 motion at this time. However, insofar as defendant is making a Rule 11 motion at this time, such motion does not conform to the above stated requirements of Rule 11, and so, is denied.

### B. Standard for Summary Judgment

Summary judgment is appropriate when no genuine issues of material fact exist, and thus the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). There must be more than a "metaphysical doubt as to the material facts." *Delaware & H. Ry. v. Conrail*, 902 F.2d 174, 178 (2d Cir.1990), *quoting, Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). All ambiguities must be weighed in favor of the non-moving party. *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991).

However, the fact that all reasonable inferences are drawn in favor of the non-moving party does not leave that party with no burden to defend against a motion for summary judgment. It is the non-moving party who must support the ultimate burden of proof by demonstrating that there exists some evidence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In fulfilling this burden of proof, conclusory allegations or a "scintilla of evidence" is not sufficient to create a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). It is in light of this standard that the court addresses the motions for summary judgment.

### C. Defendant's Motion for Summary Judgment on Negligence Claims

As stated before, plaintiff has brought claims of professional negligence and negligent infliction of emotional distress. Despite the availability of summary judgment for negligence claims, it is very hard to show that there are no questions of material fact in negligence cases. Summary judgments are difficult to obtain in negligence actions because, in most cases, the issue of whether conduct is negligent is a factual determination, whereas the question to be determined on summary judgment is whether there are

factual issues to be tried. *Ortiz v. Rosner,* 817 F.Supp. 348, 350–51 (S.D.N.Y.1993), citing, *INA Aviation Corp. v. United States,* 468 F.Supp. 695, 699 (E.D.N.Y.1979), *aff'd,* 610 F.2d 806 (2d Cir.1979). "The very question of whether the defendant's conduct amounts to 'negligence' is inherently a question for the fact-trier in all but the most egregious instances." N.Y.Civ.Prac.L. & R. (McKinney 1992) (Practice Commentaries C3212:8).

■ In the instant case, defendant claims that there are no triable issues of fact as to negligence. Defendant asserts that, as a matter of law, he cannot be said to have been negligent since it took plaintiff's subsequent lawyer over four months to negotiate compromises with Chemical Bank and the Internal Revenue Service, and that it was uncontroverted that he had only 67 days to obtain the compromises. Plaintiff contests both the amount of time defendant had to complete the work (claiming that defendant's services were retained for over seven months) and the relevance of the subsequent attorney's comparative performance. Plaintiff correctly characterizes these as issues which are properly decided by the trier of fact, and so summary judgment in favor of the defendant is denied.

### D. Plaintiff's Motion for Summary Judgment on Statute of Limitations Defense

Plaintiff has cross-moved for partial summary judgment pursuant to Fed.R.Civ.P. 56 for the dismissal of defendant's Second Affirmative Defense: that the action is barred by the statute of limitations. Both parties agree that the relevant statute of limitations for plaintiff's claims is three years. N.Y.Civ. Prac.L. & R. § 214 (McKinney 1990).

■ "The time in which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed." N.Y.Civ.Prac.L. & R. § 203(a) (McKinney 1990). New York courts have consistently held that an action for legal malpractice accrues upon the date on with the malpractice occurs. *See, e.g., McDermott v. Torre,* 56 N.Y.2d 399, 452 N.Y.S.2d 351,

437 N.E.2d 1108 (1982); *Anderson Co. v. Devine,* 202 A.D.2d 382, 608 N.Y.S.2d 514 (2d Dep't.1994); *Pittelli v. Schulman,* 128 A.D.2d 600, 512 N.Y.S.2d 860 (2d Dep't.1987). However, the "continuous representation" doctrine, which allows the statute of limitations to be tolled during the continued representation of a client, *see Glamm v. Allen,* 57 N.Y.2d 87, 453 N.Y.S.2d 674, 439 N.E.2d 390 (1982), is also applicable to the instant case. This doctrine tolls the statute of limitations for any alleged malpractice by defendant until his representation of plaintiff ended.

There is no material question of fact as to the date Mr. Cohen's representation of the plaintiff ended, since in his amended motion defendant affirms that the representation continued through October 25, 1990 or November 1, 1990. Def. Amended Notice of Motion, Sept. 22, 1994 at 2. Termination of representation on either date brings the filing of this action within the three year statute of limitations, albeit just barely. Defendant has not met his burden as non-movant to show that there exists some evidence of a genuine issue of material fact, *Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53, as his own affirmation is sufficient to defeat any affirmative defense based on statute of limitations grounds. Therefore, plaintiff's motion for summary judgment in her favor regarding the defendant's Second Affirmative Defense is granted.

### III. CONCLUSION

For the above reasons, defendant's amended motions dated September 22, 1994 for summary judgment to dismiss the complaint and for sanctions are in all respects hereby denied without costs. Plaintiff's summary judgment motion to dismiss defendant's Second Affirmative Defense on statute of limitations grounds is granted without costs.

**IT IS SO ORDERED.**