■ GAY S. USHKOW, Individually and as Executrix of MARTIN C. USHKOW, Deceased, Appellant, v MICHAEL J. BRODOWSKI et al., Defendants, and DAVID R. HALLERAN, Respondent. (Appeal No. 1.) [665 NYS2d 149] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motions of defendants David R. Halleran, M.D., and Robert A. Bornhurst, M.D., for partial summary judgment dismissing as time-barred that part of the complaint predicated on their treatment of plaintiff's decedent before December 8, 1992 (*see*, CPLR 214-a). The proof establishes that decedent's internist, defendant Michael J. Brodowski, M.D., referred decedent to Halleran and Bornhurst for medical tests and treatment within their areas of specialty, but that neither had an agency or other "relevant relationship * * * sufficient to impute treatment by" Brodowski to them (*Cox v Kingsboro Med. Group*, 88 NY2d 904, 907; *see, Meath v Mishrick*, 68 NY2d 992, 994; *Brocco v Westchester Radiological Assocs.*, 175 AD2d 903, 904).

The proof also establishes that neither Halleran nor Bornhurst provided continuous care and treatment to decedent after December 8, 1992. Because this action was not commenced until June 8, 1995, the action insofar as it relates to the treatment of decedent by Halleran and Bornhurst rendered before December 8, 1992 is time-barred by the 2½-year Statute of Limitations (*see*, CPLR 214-a). Halleran examined decedent on

March 13, 1992 and recommended that decedent return for a sigmoidoscopy or a random biopsy and brush of the area. Decedent did not schedule a return visit. On May 12, 1993, he informed Halleran that he was scheduled to see Brodowski and would be seeking Brodowski's advice regarding follow-up care. After examining decedent on May 18, 1993, Brodowski determined that a follow-up visit to Halleran was unnecessary, and Brodowski informed Halleran that he (Brodowski) would continue to see decedent on a semiannual basis. Brodowski did not refer decedent to Halleran for a further evaluation until March 23, 1994, 10 months later, and the 1994 treatment constituted a resumption rather than a continuation of treatment (*see, Coyne v Besser*, 165 AD2d 857, 859, *lv denied* 77 NY2d 808, 78 NY2d 952; *Fox v Glens Falls Hosp.*, 129 AD2d 955, 956-957). Further, from March 1992 until March 1994, there was no ongoing relationship of trust and confidence between decedent and Halleran (*see, Rizk v Cohen*, 73 NY2d 98; *Swartz v Karlan*, 107 AD2d 801, 803), nor did they anticipate further treatment "as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during [the] last visit, in conformance with the periodic appointments which characterized the treatment in the immediate past" (*Richardson v Orentreich*, 64 NY2d 896, 898-899; *see also, Cox v Kingsboro Med. Group, supra,* at 906). Likewise, Bornhurst's performance of a barium enema test in February 1992 and report of the results of that test to Brodowski do not establish continuous treatment. Decedent and Bornhurst did not contemplate a follow-up visit or treatment, and there was no on-going relationship of trust and confidence between them (*see, Catanzaro v Madden*, 204 AD2d 66; *Noack v Symenow*, 132 AD2d 965). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.