■ MARILYN ADAM, Appellant, v PARK RIDGE HOSPITAL et al., Respondents, et al., Defendant. (Appeal No. 2.) [690 NYS2d 464] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.

■ MARILYN ADAM, Appellant, v PARK RIDGE HOSPITAL et al., Respondents, et al., Defendant. (Appeal No. 3.) [690 NYS2d 381] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of Park Ridge Hospital (Hospital) and Park Ridge Health System, Inc. (collectively defendants) for summary judgment dismissing the complaint against them as time-barred and denied plaintiff's cross motion to dismiss the affirmative defense of the Statute of Limitations. Defendants established that the action was commenced after the Statute of Limitations had expired, and plaintiff failed to meet her "burden of demonstrating the existence of triable issues of fact when [she] argued that the doctrine of continuous treatment tolled the Statute of Limitations" (*Cox v Kingsboro Med. Group,* 88 NY2d 904, 906; *see, Blythe v City of New York,* 119 AD2d 615, *lv denied* 69 NY2d 604). Plaintiff failed to raise an issue of fact whether there was a mutual expectation of additional treatment following her discharge from the Hospital on September 2, 1994 (*see, Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333, 338-339;

*Richardson v Orentreich,* 64 NY2d 896, 898-899). Nor did she raise an issue of fact whether there was an agency or other relationship between the Hospital and the Visiting Nurse Service, to which plaintiff was referred for home care, to create a nexus between the two providers sufficient to impute treatment by the Visiting Nurse Service to the Hospital (*see, De Peralta v Presbyterian Hosp.,* 121 AD2d 346, 348-349). The physical therapy received by plaintiff at the Hospital in December 1994 upon the referral of her orthopedist was not a continuation of treatment by the Hospital, but rather was a renewal of treatment previously terminated (*see, Rizk v Cohen,* 73 NY2d 98, 105; *Ushkow v Brodowski,* 244 AD2d 931). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Reargument.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.