■ ROBERT TRAPHAGEN et al., Respondents, v ROBERT PACKER HOSPITAL et al., Defendants, and GUTHRIE CLINIC, LTD., et al., Appellants. [704 NYS2d 374] —Graffeo, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered July 29, 1999 in Tompkins County, which denied a motion by defendants Guthrie Clinic, Ltd., Guthrie Medical Group, P. C. and Robert Malvica for summary judgment dismissing the complaint against them.

In April 1993, plaintiff Marian Traphagen (hereinafter plaintiff) underwent a modified radical mastectomy of the right breast which was performed in Pennsylvania by Louis Blaum, a surgeon who was an employee of defendants Guthrie Clinic, Ltd. and Guthrie Medical Group, P. C. (hereinafter collectively referred to as the Clinic). Plaintiff received follow-up care from Blaum and an internist at the Clinic's New York office. In March 1994, plaintiff underwent a needle localization procedure on her left breast in preparation for a biopsy. Blaum performed the biopsy immediately after the needle localization

procedure was performed by defendant Robert Malvica, a radiologist employed by the Clinic in Pennsylvania. Blaum left the Clinic shortly thereafter but plaintiff continued her relationship with the Clinic which, according to plaintiff, included regularly scheduled visits with another surgeon at six-month intervals to monitor the possibility of cancer in her left breast and/or the spread of cancer. The visits continued at least until November 1997.

In April 1998, plaintiff and her husband, derivatively, commenced this medical malpractice action against, among others, Malvica and the Clinic (hereinafter collectively referred to as defendants), alleging that the negligent performance of the needle localization procedure caused depressions and scarring in plaintiff's left breast. After issue was joined, defendants moved for summary judgment dismissing the complaint against them on the ground that the Statute of Limitations barred the action. Supreme Court denied the motion and this appeal ensued.

The only issue on this appeal is whether Supreme Court erred in concluding that a question of fact exists regarding the applicability of the continuous treatment doctrine. "That doctrine applies only when the course of treatment which includes the wrongful act or omission has run continuously and is related to the same original condition" (*Jorge v New York City Health & Hosps. Corp.*, 79 NY2d 905, 906; *see*, *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296). Contrary to defendants' contention, the procedure performed by Malvica was not a discrete diagnostic procedure unrelated to any continuing treatment. The original condition in this case was the suspicion of cancer in plaintiff's left breast and the procedure performed by Malvica was an integral part of the course of treatment of that condition. The regular return visits scheduled by the Clinic's surgeon to monitor that condition therefore constitutes continuing treatment and tolls the Statute of Limitations (*see*, *Dolfini v Morilla*, 261 AD2d 431; *Pace v Caron*, 232 AD2d 617). Plaintiff also alleges that during regularly scheduled visits related to her breast condition, she complained about the scar and discussed the possibility of revision of the scar with the Clinic's surgeon at a visit in April 1996.

Where the continuing treatment is provided by someone other than the practitioner alleged to have been negligent, there must be " 'an agency or other relevant relationship between [the two]' " (*Meath v Mishrick*, 68 NY2d 992, 994, quoting *McDermott v Torre*, 56 NY2d 399, 403). We agree with

Supreme Court that there is at least a question of fact regarding the relationship between Malvica and the Clinic's surgeon who rendered the continuing treatment after the interrelated procedures conducted by Malvica and Blaum (*see, Polokoff v Palmer*, 190 AD2d 897; *Watkins v Fromm*, 108 AD2d 233).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.