■ ANNE M. WHITE, Respondent, v CHRISTOPHER MURPHY et al., Defendants, and ROBERT F. O'KONIEWSKI et al., Appellants. [716 NYS2d 808] —Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered April 7, 2000 in Albany County,

which granted plaintiff's motion for leave to amend the complaint to add defendants Robert F. O'Koniewski and East Hudson Community Care Physicians, P. C.

In March 1999, plaintiff commenced this medical malpractice action against defendant Latham Medical Group and one of its physicians, defendant Christopher Murphy (hereinafter collectively referred to as defendants), after consulting defendants for primary care in May 1989 and receiving routine breast examinations and mammograms in June 1991, August 1992, January 1994 and March 1995. Each time she was told that the results of her breast examination and mammogram were normal, and to return in a year for a repeat mammogram. Unfortunately, following her next routine mammogram in November 1996, she was diagnosed with breast cancer. Her complaint contends that defendants misdiagnosed her condition at the time of her March 1995 mammogram.

In December 1999, plaintiff moved for leave to amend her complaint to add East Hudson Community Care Physicians, P. C., which contracted to provide radiology services for Latham Medical Group, and one of its radiologists, Robert F. O'Koniewski, as defendants in the action. O'Koniewski and East Hudson opposed the motion, arguing, *inter alia*, that because plaintiff received only routine periodic examinations from defendants, the Statute of Limitations was not tolled by the continuous treatment doctrine and plaintiff's action was untimely commenced against defendants. Thus, O'Koniewski and East Hudson asserted that the action could not be deemed timely commenced as to them. Supreme Court granted plaintiff's motion, finding that the original action was timely commenced and the amended pleadings could be deemed to be interposed at the time of the initial pleadings. O'Koniewski and East Hudson appeal.

A medical malpractice action must be commenced within two years and six months "of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a). As the mammogram which allegedly should have led to discovery of plaintiff's breast cancer was taken in March 1995, the Statute of Limitations for misdiagnosis began to run at that time and expired in September 1997.

Once a defendant demonstrates that the Statute of Limitations on a medical malpractice claim has run, the burden shifts to the plaintiff to establish that he or she received continuous treatment in order to avail himself or herself of the tolling pro-

vision of CPLR 214-a (*see, Massie v Crawford*, 78 NY2d 516, 519). Plaintiff concedes that the results of her breast examinations and mammograms were, until November 1996, reported to her as normal, her verified complaint characterizes both the 1995 and the 1996 mammograms as "routine," and defendants' office notes and radiographic reports reveal no suspicious condition prior to the November 1996 mammogram. There is simply no evidence that plaintiff received treatment for an actual or suspected condition of her breast prior to November 1996, and we are constrained to find that plaintiff failed to meet her burden of establishing a course of continuous treatment as she "alleges nothing more than defendants' failure to timely diagnose and establish a course of treatment for her breast condition, omissions that do not amount to a 'course of treatment'" (*Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 297, quoting *Nykorchuck v Henriques*, 78 NY2d 255, 259).

O'Koniewski and East Hudson squarely presented this Statute of Limitations issue to Supreme Court, plaintiff fully briefed it in reply, and no issues of fact were raised. As plaintiff's action against defendants was not timely commenced, the amended pleading cannot be deemed timely interposed against O'Koniewski and East Hudson. This conclusion makes it unnecessary to consider the parties' contentions regarding the applicability of the relation back doctrine.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.