■ ANNE M. WHITE, Respondent, v CHRISTOPHER MURPHY et al., Appellants. [736 NYS2d 460] —Crew III, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 27, 2001 in Albany County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff became a patient at defendant Latham Medical Group in 1989 and began treating with defendant Christopher Murphy in 1993. In March 1995, Murphy conducted a routine physical examination of plaintiff, at which time he noted a "slight fullness" in plaintiff's right breast but determined that the breast tissue was normal. At that time, Murphy also determined to continue plaintiff on the hormone replacement therapy that initially had been prescribed for her in 1992. Following routine mammography screening in 1996, plaintiff was diagnosed with breast cancer, as a result of which she commenced this medical malpractice action in 1999 against defendants alleging that they failed to diagnose her condition in March 1995.

In December 1999, plaintiff moved for leave to amend her complaint to add as defendants East Hudson Community Care Physicians, P.C., which had contracted to provide radiology services for Latham Medical Group, and one of its employees, Robert F. O'Koniewski, who performed mammography screening on plaintiff in March 1995. Supreme Court granted plaintiff's motion and we reversed, holding that the continuous treatment doctrine did not toll the statute of limitations and,

thus, the original complaint was untimely (277 AD2d 852, 854). Defendants thereafter moved for leave to amend their answer to assert the defense of statute of limitations and for summary judgment dismissing the complaint. Supreme Court granted defendants leave to amend their answer but denied summary judgment. Defendants now appeal.

Defendants contend that our prior decision regarding the timeliness of this action constitutes the law of the case entitling them to summary judgment and, further, that plaintiff is precluded from attempting to demonstrate that her continued hormone replacement therapy constituted continuous treatment, thereby tolling the statute of limitations. We agree. Here, plaintiff previously had a full and fair opportunity to litigate the issue of continuous treatment as a toll of the statute of limitations, thus barring further litigation of such issue (*see, People v Evans*, 94 NY2d 499, 502). Indeed, we noted in our prior decision that plaintiff squarely presented the issue to Supreme Court and fully briefed it before us (277 AD2d 852, 854, *supra*). Plaintiff contends, nevertheless, that she was not afforded a full and fair opportunity to litigate the issue of continuous hormone replacement therapy because she did not learn of it and its associated risks until she deposed Murphy and reviewed his medical notes in October 2000. Thus, plaintiff claims, this is newly discovered evidence justifying reconsideration of the issue of continuous treatment (*see, Holloway v Cha Cha Laundry*, 97 AD2d 385, 386).

The record makes plain, however, that plaintiff was aware that she had been receiving hormone replacement therapy continuously since 1992 and, thus, this is not newly discovered evidence. At best, plaintiff is claiming that she did not appreciate the *significance* of continuing with hormone replacement therapy after March 1995 until the deposition of Murphy in October 2000. This contention, however, is belied by her July 2000 bill of particulars, wherein she asserts that defendants deviated from accepted standards of medical care by continuing her hormone replacement therapy on and after March 9, 1995. Accordingly, Supreme Court's order must be modified and defendants' motion for summary judgment granted.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment; said motion granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.