TRACY WARING, Individually and as Administrator of the Estate of VIVIAN MORRIS, Also Known as VIVIAN KROM, Deceased, Respondent, v KINGSTON DIAGNOSTIC RADIOLOGY CENTER, Also Known as KINGSTON DIAGNOSTIC CENTER, et al., Defendants, and HUDSON VALLEY RADIOLOGY ASSOCIATES, P.L.L.C., et al., Appellants. [786 NYS2d 832]—

Mugglin, J. Appeal from an order of the Supreme Court (Spargo, J.), entered December 2, 2003 in Ulster County, which, inter alia, denied the motion of defendants Hudson Valley Radiology Associates, P.L.L.C. and David Ryon for partial summary judgment.

In this medical malpractice action, Supreme Court found that questions of fact exist as to whether the continuous treatment

toll of the statute of limitations preserves plaintiff's claims against defendant Hudson Valley Radiology Associates, P.L.L.C. (hereinafter HVRA) and its employee, defendant David Ryon. Decedent died of metastatic lung cancer on August 6, 2001. Plaintiff, individually and as administrator of decedent's estate, commenced this action on March 11, 2002. Ryon, a diagnostic radiologist who never met decedent, read three X rays and three CT scans of decedent's chest between December 30, 1994 and February 1, 1996, each time reporting his findings to decedent's primary care physician. In his earlier reports, Ryon suggested that repeat studies be done, but no such recommendation was included in the February 1, 1996 report. For nearly the next four years, Ryon read and reported on a number of radiological studies of decedent which were unrelated to her lungs. In January 2000, because decedent complained of chest pain, she was referred to HVRA for X rays which Ryon read, reporting to decedent's primary care physician that a small area of increased opacity (when compared with the 1996 study) was found and that there was a change in the lung tissue. Decedent was referred for a biopsy which revealed adenocarcinoma. Plaintiff's claim, in essence, is that decedent had cancer in 1995 and that defendants failed to diagnose, monitor or treat it. Defendants moved for partial summary judgment, arguing that the 2½-year statute of limitations found in CPLR 214-a bars any claim for alleged malpractice which occurred prior to August 4, 1999. In opposition, plaintiff argued that the continuous treatment doctrine tolled the statute. We find that doctrine inapplicable to these defendants and therefore reverse the denial of their motion.

We begin by recognizing that defendants established their prima facie right to summary judgment by demonstrating that plaintiff commenced this action more than 2½ years after the pre-August 1999 allegedly negligent acts or omissions (*see White v Murphy*, 277 AD2d 852, 853 [2000]). The burden then shifted to plaintiff to show triable issues of fact with respect to the application of the continuous treatment doctrine (*see id.* at 853-854). Plaintiff has not met this burden.

Under the continuous treatment doctrine, "the time in which to bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*McDermott v Torre*, 56 NY2d 399, 405 [1982], quoting *Borgia v City of New York*, 12 NY2d 151, 155 [1962]; *see* CPLR 214-a). Therefore, "essential to the application of the doctrine is that there has been a course of treatment established

with respect to the condition that gives rise to the lawsuit" (*Nykorchuck v Henriques*, 78 NY2d 255, 258-259 [1991]). Although "treatment" does not necessarily end upon a patient's last visit to the doctor, further treatment must be in some way "explicitly anticipated by both physician and patient as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during that last visit, [or] in conformance with the periodic appointments which characterized the treatment in the immediate past" (*Richardson v Orentreich*, 64 NY2d 896, 898-899 [1985]). Accordingly, "neither the mere 'continuing relation between physician and patient' nor 'the continuing nature of a diagnosis' is sufficient to satisfy the requirements of the doctrine" (*Nykorchuck v Henriques, supra* at 259, quoting *McDermott v Torre, supra* at 405, 406).

Thus, the radiological studies interpreted by Ryon between February 1, 1996 and January 13, 2000 for decedent's unrelated health conditions do not establish a course of treatment for her lung condition (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]). Accordingly, the issue distills to whether there is evidence of continuous treatment by Ryon for decedent's lung condition from 1996 to 2000. While the continuous treatment toll may apply to a diagnostician where "periodic diagnostic examinations are prescribed as part of ongoing care for a plaintiff's existing condition [and] are explicitly anticipated by physician and patient alike" (*Elkin v Goodman*, 285 AD2d 484, 486 [2001]), here, there is no such evidence. Notably, after numerous scans and X rays revealed that the upper left lobe density in decedent's lung had remained unchanged as of February 1996, plaintiff's primary care physician did not order subsequent chest exams and decedent visited this doctor only for unrelated health concerns during that subsequent four-year period (*see Meath v Mishrick*, 68 NY2d 992, 994 [1986]; *McDermott v Torre, supra* at 403-406; *Davis v City of New York*, 38 NY2d 257, 259-260 [1975]; *Fonda v Paulsen*, 46 AD2d 540, 545 [1975]; *cf. Traphagen v Packer Hosp.*, 270 AD2d 777, 778 [2000]). Nevertheless, plaintiff argues that Ryon's reference in his 2000 report to the 1996 report demonstrates continuous treatment. We disagree. "A comparison of test results suggests adherence to appropriate diagnostic procedure, not a change in the level or nature of trust and confidence between patient and radiologist" (*Noack v Symenow*, 132 AD2d 965, 966 [1987]). Rather than demonstrating an existing course of treatment, this fact pattern shows " 'a resumption of treatment rather than a continuation thereof' " (*Fox v Glens Falls Hosp.*, 129 AD2d 955, 957 [1987], quoting *Sherry v Queens Kidney Ctr.*, 117 AD2d 663, 665 [1986]).

Lastly, we are unpersuaded by plaintiff's argument that Ryon's failure to make a proper diagnosis itself established an ongoing course of treatment. This "self-contradictory proposition" (*Nykorchuck v Henriques, supra* at 259) has been categorically rejected by the courts (*see Young v New York City Health & Hosps. Corp., supra* at 297; *Toxey v State of New York*, 279 AD2d 927, 928 [2001], *lv denied* 96 NY2d 711 [2001]; *White v Murphy, supra* at 854).

Mercure, J.P., Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied the motion of defendants Hudson Valley Radiology Associates, P.L.L.C. and David Ryon; motion granted, partial summary judgment awarded to said defendants and those claims based on acts or omissions of said defendants prior to August 1999 dismissed; and, as so modified, affirmed.