■ BONNIE LABSHERE et al., Respondents, v DOUGLAS PETROSKI et al., Appellants. [820 NYS2d 176]—

Lahtinen, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered September 22, 2005 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

The primary issue on appeal is whether the record supports Supreme Court's determination that there are factual issues as to the applicability of the continuous treatment doctrine. In October 1997, defendant Douglas Petroski (hereinafter defendant) performed surgery on the left wrist of plaintiff Bonnie Labshere (hereinafter plaintiff). Plaintiff made numerous return visits to defendant, both for her wrist and also for a knee problem. Her last visit to defendant occurred in April 2002 and defendant's office record from that visit discusses her knee and her wrist condition, noting that he "would not have further therapeutic alternatives for [plaintiff] at this time." This action was commenced in October 2003 alleging, among other things, that defendant negligently severed plaintiff's left radial nerve during the surgery and failed to properly diagnose reflex sympathetic dystrophy. Following disclosure, defendants moved for summary judgment dismissing the complaint upon the ground that it was barred by the statute of limitations. Finding a question of fact as to whether plaintiff received continuous treatment, Supreme Court denied the motion and this appeal by defendants ensued.

The statute of limitations for medical malpractice is 2½ years (*see* CPLR 214-a) and generally commences running when the alleged negligent act or omission occurs (*see LaBello v Albany Med. Ctr. Hosp.*, 85 NY2d 701, 706 [1995]; *Ogle v State of New York*, 142 AD2d 37, 38 [1988]). There are certain recognized exceptions to the limitations' period, including the continuous treatment doctrine under which the time to "bring a malpractice action is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*McDermott v Torre*, 56 NY2d 399, 405 [1982], quoting *Borgia v City of New York*, 12 NY2d 151, 155 [1962]; *see Waring v Kingston Diagnostic Radiology Ctr.*, 13 AD3d 1024, 1025 [2004]). Neither an ongoing doctor/patient relationship nor a continuing diagnosis are sufficient alone to invoke the doctrine since the

sine qua non of the doctrine is treatment (*see Nykorchuck v Henriques*, 78 NY2d 255, 259 [1991]). Indeed, "[t]he doctrine rests on the premise that the trust and confidence that marks [the doctor/patient relationship] puts the patient at a disadvantage in questioning the doctor's skill because to sue while undergoing treatment necessarily interrupts the course of treatment" (*Massie v Crawford*, 78 NY2d 516, 519 [1991]; *see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *cf. Matter of Clark Patterson Engrs., Surveyor, & Architects, P.C. [City of Gloversville Bd. of Water Commr.]*, 25 AD3d 984, 986-987 [2006], *lv denied* 6 NY3d 714 [2006]). "The cases illustrate that the determination as to whether continuous treatment exists, must focus on the patient" (*Rizk v Cohen*, 73 NY2d 98, 104 [1989]; *see Klotz v Rabinowitz*, 252 AD2d 542, 543 [1998]; *cf. Shumsky v Eisenstein*, 96 NY2d 164, 170 [2001]).

Here, plaintiff made 18 visits to defendant from the time of her wrist surgery in October 1997 through her last appointment with him in April 2002. During part of this time, she made visits to a pain management clinic. Those visits were at defendant's referral, she continued appointments with defendant and the clinic sent copies of its reports to defendant. Although plaintiff also received treatment from defendant for a knee problem that resulted in a separate surgery, she stated in her affidavit that she inquired about her wrist at each of her appointments with defendant. Indeed, she was able to substantiate this contention in some respects by showing that, on a date that defendant's records contained no mention of her wrist, she received a written prescription from defendant for an orthosis device for her wrist. This also reflects that plaintiff's inquiries were not always met with silence (as suggested by defendant). We agree with Supreme Court that, viewing the conflicting evidence most favorably to the nonmovants, a factual issue exists regarding continuous treatment (*see Traphagen v Packer Hosp.*, 270 AD2d 777, 778 [2000]; *Easton v Kellerman*, 248 AD2d 913, 914 [1998]).

The remaining issues were either not properly raised before Supreme Court or are unpersuasive.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.