■ FELIPE CARDENALES et al., Appellants-Respondents, v QUEENS-LONG ISLAND MEDICAL GROUP, P.C., et al., Respondents-Appellants, and HAK YUEN, Respondent. [854 NYS2d 440]—

The contention of the defendants Donald Nicolardi and Liviu Schapira that the continuous treatment doctrine did not toll the statute of limitations as against them, has already been resolved against them by this Court's prior holding (*see Cardenales v Queens-Long Is. Med. Group, P.C.,* 18 AD3d 689 [2005]; *White v Murphy,* 290 AD2d 704 [2002]).

We reject the argument of Nicolardi and Schapira that they established their entitlement to judgment as a matter of law

pursuant to CPLR 4404 (a). Viewing the evidence in the light most favorable to the plaintiff, rational jurors could conclude that these defendants departed from good and accepted medical practice, and that their departures were a substantial factor in causing the death of the decedent (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431 [1981]).

Notwithstanding the foregoing, we agree with the Supreme Court that the verdict against Nicolardi and Schapira was against the weight of the evidence. The evidence at trial so preponderated in favor of finding that neither of these defendants failed to perform complete colonoscopies to the cecum, in 1996 and again in 1997, that the jury verdict finding that they departed from good and accepted medical practice by failing to do so, could not have been reached upon any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]; *Speciale v Achari,* 29 AD3d 674 [2006]).

Contrary to the plaintiff's contention, the jury verdict in favor of the defendant Hak Yuen was not against the weight of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]).

In light of our determination, it is unnecessary to reach the parties' remaining contentions. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.