◼ John A. Champlin, Appellant, v Daniel S. Pellegrin, Respondent. [974 NYS2d 379]—

Order, Supreme Court, Dutchess County (Robert M. DiBella, J.), entered June 14, 2012, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The statute of limitations on a cause of action for legal malpractice is three years (*see* CPLR 214 [6]). Here, plaintiff's claims accrued, at the latest, on October 7, 1997, three years after the underlying action had been marked by the court as "disposed." However, plaintiff did not commence this action until February 2011, more than 16 years after the disposition of his case.

Contrary to plaintiff's assertions, the claim was not tolled by the continuous representation doctrine. Generally, tolling under the continuous representation doctrine "end[s] once the client is informed or otherwise put on notice of the attorney's with-

drawal from representation" (*Shumsky v Eisenstein*, 96 NY2d 164, 171 [2001]). The parties do not dispute that there were no communications between them from 1994 until 2011, when plaintiff purported to discharge defendant from representing him. The more than 16-year lapse in communications from defendant was sufficient to constitute reasonable notice to plaintiff that defendant was no longer representing him.

Furthermore, as there was no "clear indicia of an ongoing, continuous, developing, and dependent relationship between [plaintiff and defendant]" (*Pittelli v Schulman*, 128 AD2d 600, 601 [2d Dept 1987] [internal quotation marks omitted]), or a "mutual understanding of the need for further representation on the specific subject matter[s] underlying the malpractice claim" (*McCoy v Feinman*, 99 NY2d 295, 306 [2002]), we find that plaintiff's reliance on CPLR 321 (b) is misplaced.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ.